KYGER *v.* THE F. HULL SKIRT COMPANY and Others.

<div style="float:right">34  249<br>159  619</div>

HUSBAND AND WIFE.—*Wife's Separate Property.*—A married woman, in 1865, loaned to her husband a sum of money belonging to herself. Afterwards said husband traded a stock of goods to a third person, in part payment for a tract of land, the deed being taken in the name of the wife, who executed notes and a mortgage on the land for the residue of purchase-money, said conveyance being procured to her and received by her in payment of the money so loaned by her to her husband.

*Held,* in an attachment proceeding by the husband's creditors, that, in the absence of actual fraud, the wife was to be regarded as a purchaser for a valuable consideration, and was entitled to hold the land.

FRAUDULENT CONVEYANCE.—Where it is sought to subject lands to the payment of debts because of a fraudulent conveyance, it must be shown that the grantee had notice of the fraudulent intent.

APPEAL from the White Circuit Court.

WORDEN, J.—This was an action by the appellee, the skirt

company, against Ulysses C. Kyger, to recover an account for one hundred and eighty-nine dollars.   An attachment was issued in the case, which was levied upon certain real estate as the property of said Ulysses, and the appellant, Margaret, his wife, was made a defendant, to answer as to her interest in the same.   She appeared and answered.   Other creditors of Ulysses filed their claims under the attachment.

On the trial of the issues joined, by a jury, there was a verdict for the plaintiff, followed by a judgment and order for the sale of the land.   Margaret alone appeals.

On the trial, it appeared by the evidence, which is all in the record, and mostly consists of the answers of parties to interrogatories and depositions, that in the fall of 1865, Margaret had the sum of five thousand nine hundred dollars in money belonging to herself, which was the product of a sum which she originally received from her father's estate, and which had been so invested as to produce the sum above named.   This sum she then loaned to her husband.

Afterwards, in 1868, Ulysses traded a stock of goods to John W. Godman, or to him and Minerva, his wife, as part pay for the land in question, and the deed was taken to said Margaret, who executed notes and a mortgage on the premises for the residue of the purchase-money, amounting to thirty-five hundred dollars.   This land was thus procured to be conveyed to said Margaret, and by her received, in payment and discharge of the debt due her from her husband for the money loaned him as above stated.   It is claimed that the transaction was fraudulent, and that the land was liable for the debts of the husband.   On the supposition that there was no actual fraud in the transaction, there can be no doubt that the appellant is to be regarded as a purchaser for a valuable consideration, and entitled to hold the land.   She was the creditor of her husband for the money loaned, and as much entitled to payment as if she had been a *feme sole*. Where there is no fraud, a debtor has a right to prefer one creditor over another.

We have examined the evidence with some care, and do

not find that it establishes any actual fraud; and especially, we think it fails to establish any notice of fraudulent intent as against the appellant. This was necessary in order to deprive her of the land. *Bunnel* v. *Witherow*, 29 Ind. 123. [4]

The alleged fraud not being established, the judgment below, as against the appellant, must be reversed.

The judgment below, that the attachment proceedings be sustained, and that the attached property is liable for the payment of the judgment, and that the same be sold for the payment thereof, and that the title thereto of the appellant is void, and that she·be forever restrained and enjoined from setting up or asserting any claim or title thereto, is reversed, with costs, and the cause is remanded.

*E. Hughes*, for appellant.

*S. T. McConnell*, *M. Winfield*, and *W. C. Lamb*, for appellees.