SAMUEL W. BUCKNER, Plaintiff in Error, *v.* PAUL STINE AND ELIZABETH STINE, Defendants in Error.

1. *Equity — Title bond — Deed of trust, sale under after death of grantor — Purchase at by wife — Equity of wife, etc.* — B. gave to M a title bond to certain land, and the wife of M., from her own estate, made partial payment of the purchase money, and added valuable improvements to the land. Afterward M. gave B. a trust deed on his equity in the property to secure the payment of the balance of the purchase money, remainder over to his wife. After M.'s death the lots were sold under the deed of trust to satisfy the unpaid notes, and most of them were bid in by the wife for herself, with her own means, at a price sufficient to pay the notes. B. then executed a deed for the whole to the heirs of M. Suit was brought against the widow by the purchaser at the administrator's sale of the interest of M. in the property, for the title thereto. *Held,* that it was properly dismissed, because, first, if the deed from B. conveyed his title it went to the heirs of M., and the judgment against the widow could only cut off her equity; second, as against her there was no equity. All the money that went for the purchase and improvement of the property belonged to her; and when M. conveyed his equity in trust for the payment of the purchase money, remainder to his wife, it was not a settlement in fraud of creditors, but a simple act of justice, and did not create a resulting trust in their favor.

2. *Assignment — Fraud cannot be inferred from merely because assignor was in debt.* — Fraud cannot be inferred from the transfer of property merely because the maker of the deed was at the time in debt.

*Error to Louisiana Court of Common Pleas.*

*D. P. Dyer*, for plaintiff in error.

I. The deed of Mendenhall was fraudulent and void as to those who were his creditors at its date.

II. The sale by the administrator to the plaintiff conveyed all the interest of Amos Mendenhall, and the deed by Block to the "heirs and legal representatives of Amos Mendenhall, deceased," inured to the benefit of the plaintiff, and vested in him the legal title, subject to the dower interest of defendant Elizabeth Stine.

III. All the equities are in favor of the plaintiff, who purchased at the administrator's sale, and it makes no difference whether the defendant Elizabeth or her former husband, Mendenhall, paid for the property.

*Fagg & Johnston*, for defendants in error.

I. The prayer of the petition embraces two separate and distinct actions that cannot be tried together. The manner of proceeding in the assignment of dower is altogether different from, and can not be joined with, a proceeding for the decree of title.

II. Upon the facts stated in the pleadings there could be no decree of title to the plaintiff, because the proper parties were not before the court. In such a proceeding the children of Mendenhall should have been made parties to the bill and properly brought into court.

III. There is no equity whatever in the bill. All the money paid and all the improvements made on the property were at the expense of Mrs. Mendenhall. The conveyance made by Block afterward to the heirs and legal representatives of Mendenhall inured to her benefit, and invested her with a complete title to so much of the property as was sold by the trustee. The remaining part of the property, as against this plaintiff, under the conveyance from Block, passed to Mrs. Stine, late Mrs. Mendenhall, and the children of Mendenhall by her.

Bliss, Judge, delivered the opinion of the court.

The plaintiff purchased at administrator's sale the interest of Amos Mendenhall, deceased, in certain real estate in the town of Louisiana, and filed his petition against Elizabeth Stine, formerly the widow of said Amos, and against her present husband, for a title to said land, and for an assignment to her of her dower interest in the same.

It appears that one Block had given to said Amos, while living, a title bond to the land for the price of $250 ; and that his wife, the said Elizabeth, from her own estate, paid upon it the sum of $50, and made valuable improvements upon the lots. Afterward said Amos, being indebted to sundry persons, executed a trust deed of all the lots to secure said Block for the remainder of the purchase money and another small debt, remainder to his wife. The lots were offered for sale under the trust deed after Mendenhall's death, and the said Elizabeth bid most of them in

for herself, with her own means, and at a price sufficient to pay the debts it was given to secure, and said Block executed a deed for the whole to the "heirs, etc., of Amos Mendenhall."

The proceeding was treated as instituted for title to the land, and was properly dismissed; and,

First, for want of parties. If the deed from Block conveyed his title, it went to the heirs of Mendenhall, and a judgment against the widow could only cut off her equity.

Second, as against her there is no equity. Every dollar that went for the purchase and improvement of the property belonged to her, and the evidence shows that the family were principally dependent upon her industry and means for support. Her husband was thriftless and improvident, and when he conveyed his equity in trust for the payment of the purchase money, remainder to her, it was not a settlement, a gratuity in fraud of creditors, but a simple act of justice, and it did not create a resulting trust in their favor, the benefit of which could pass by the administrator's sale.

It is unnecessary to consider whether a sale of such an interest of deceased as the plaintiff claims to have purchased, even if the trust deed were fraudulent, would pass anything or not. In the case at bar no actual fraud is shown, and as matter of law it cannot be inferred from a transfer under the circumstances merely because Mendenhall was in debt.

The judgment will be affirmed. Judge Currier concurs. Judge Wagner absent.