Leasure *et ux. v.* Coburn.

------

## LEASURE ET UX. *v.* COBURN.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.—Instruction to Jury.—Title-Bond.*—A judgment debtor, who held a title-bond for the conveyance of certain real estate, being unable to pay the purchase-money, sold and assigned the same to another, who paid the purchase-money and received a conveyance of such realty. The judgment-creditor having *instituted* an action to subject such realty to the payment of his judgment, the court trying the cause instructed the jury, that, if the defendant had received such conveyance with knowledge of such judgment, thus placing property of the judgment-debtor beyond the reach of execution, that fact was a sufficient badge of fraud to infer that such sale had been fraudulent.

*Held,* that the question of fraud was one for the jury alone, and that the instruction was erroneous.

From the Madison Circuit Court.

*J. W. Sansberry, E. B. Goodykoonts* and *C. D. Thompson,* for appellants.

*R. Lake,* for appellee.

PERKINS, C. J.—Suit to set aside a conveyance as fraudulent. Judgment for plaintiff, appellee in this court.

Jennie Coburn obtained a personal money judgment against Samuel Leasure, in the Madison Circuit Court, on the 21st day of August, 1874, on which execution was duly issued, and, on the 23d day of September, 1874, returned " no property found."

There was evidence tending to show, that, in June, 1873, said Samuel Leasure held a title-bond for a lot in the city of Anderson, Madison county, Indiana; that he had not paid, and could not pay, for the lot; that, in the month named, he assigned the bond to the now Eliza Leasure, then a single woman, but since intermarried with said Samuel Leasure; that said Eliza paid the purchase-money of the lot, with her own money, to Mr. Hazlett, the maker of the title-bond, and subsequently received a deed from him for the property; that, at the time she received the assignment of the title-bond and paid for it, she had no knowledge of the claim of Jennie Coburn, though she might have had, when, afterward, she received the deed.

In this suit to subject the lot to the payment of said Coburn judgment, rendered in August, 1874, the court instructed the jury, that "If you believe from the evidence that Samuel Leasure was indebted to this plaintiff, and the defendant Eliza Leasure had knowledge of such indebtedness, and, with such knowledge of his indebtedness, took a conveyance to the lot in controversy, and thereby took from said Samuel Leasure a conveyance of his interest in such lot, whereby the property of the defendant Samuel Leasure, subject to the payment of such debt, was transferred from him and placed out of the reach of the creditors of said Samuel Leasure; these circumstances are sufficient badges of fraud from which you may

infer that the sale was made to hinder, delay or defraud the plaintiff in the collection of her debt."

The giving of this instruction was excepted to and made a ground of a motion for a new trial, which motion was overruled, and exception taken.

The instruction was erroneous, and the error was not cured by any action had in the cause.

Our statute enacts, (1 R. S. 1876, p. 506, sec. 21,) that "The question of fraudulent intent, in all cases arising under the provisions of this act, shall be deemed a question of fact, nor shall any conveyance or charge be adjudged fraudulent as against creditors or purchasers, solely on the ground that it was not founded on a valuable consideration."

Questions of fact are for the jury. The court erred in telling them what facts were sufficient to justify them in inferring fraud. *Kane* v. *Drake*, 27 Ind. 29; *Parton* v. *Yates*, 41 Ind. 456; *Sherman* v. *Hogland*, 54 Ind. 578; *Pence* v. *Croan*, 51 Ind. 336.

The court seems to have ignored the fact that the lot was paid for before the deed was made.

Other errors are assigned, but it is not necessary that we notice them in this opinion.

The judgment is reversed, with costs, and the cause remanded.