GOFF, ASSIGNEE, v. ROGERS ET AL.

No. 6619.

HUSBAND AND WIFE.—*Contract.—Fraud.—Pleading.*—A contract between a husband and wife, that money which she advances to him to purchase land shall be paid to her children, and its payment secured, is valid, and may be well pleaded by him in answer to a complaint charging him with mortgaging such land to his children, for the purpose of defrauding creditors.

SAME.—*Contract.—Interest Allowable on Money Advancements of Wife.*— Where a wife advances money to her husband on his agreement to repay it to her children, he has a right to pay interest to his children, on such advancements, in preference to the claims of creditors.

MORTGAGE.—*Fraud a Question of Fact.*—A mortgage executed for a sum greater than is actually due the mortgagee from the mortgagor is not necessarily fraudulent. Where the amount due is materially larger than that expressed in the mortgage, such discrepancy is a badge of fraud only; and, in an action to set aside the mortgage as fraudulent, the question of fraud is one of fact to be determined by the jury.

From the Clinton Circuit Court.

*A. E. Paige, S. O. Bayless, J. C. Suit, J. Kidd* and *J. U. Gorman*, for appellant.

*L. McClurg* and *J. V. Kent*, for appellees.

ELLIOTT, J.—The complaint of the appellant alleges that

he was appointed by deed the assignee of Sylvanus Rogers, for the benefit of creditors; that such appointment was duly made, and that appellant properly qualified as such assignee under the act relating to voluntary assignments. It is also charged that Sylvanus Rogers, for the purpose of defrauding his creditors, conveyed, by way of mortgage, certain real estate to his children, who were his co-defendants.

The questions which counsel first press upon our consideration are those arising upon the action of the court overruling the appellant's demurrer to the second paragraph of answer. The material facts pleaded in the answer now assailed may be thus summed up: That the purchase-money of the land covered by the mortgage was furnished by Isabella Rogers, wife of appellee; that the sum furnished by her was $3,000; that, at the time the purchase was made, it was agreed that the sum so furnished by said Isabella should be paid by the said Sylvanus to the mortgagees; that the mortgage attacked by the complaint was executed to secure the sum supplied to Sylvanus for the purchase of the real estate and in accordance with the contract made between Mrs. Rogers and her husband.

The facts pleaded constitute a defence, for they show a mortgage executed upon a valuable and sufficient consideration, and pursuant to a contract which the parties had an undoubted right to make.

The argument of appellant, that the answer is bad because it purports to answer the entire complaint and answers a part only, is radically unsound, for it rests upon an undue assumption. The fact, that the complaint alleges that the mortgage was for $4,000, does not render insufficient the answer on the single ground that it shows a consideration to the extent of only $3,000. Nor is there any force in the argument that the answer is bad because the agreement relied on is by parol and not in writing.

The contract of the parties was, not that Isabella Rogers should have an interest in the land, but that the money which she advanced to purchase land with should be paid to her children and its payment secured by mortgage.

The remaining questions arise upon the ruling refusing a new trial. It is contended by appellant's counsel that, as the mortgage was executed for a greater sum than that really due, the mortgage was fraudulent, and several cases from other courts are cited, looking in that direction. If we were to give the cases the effect ascribed to them, we could not recognize them as authority under our statute. Fraud is a question of fact for the consideration of the jury. It is the exclusive province of the jury to determine whether an act was or was not a fraudulent one. *Leasure* v. *Coburn*, 57 Ind. 274. There are no cases, however, that we have been able to find, going so far as to hold, that a mortgage is to be conclusively presumed fraudulent from the bare fact that it purports, on its face, to secure a sum in excess of the debt really due. The farthest that any of the cases go, except those based on an express statute, is to hold that the fact that a mortgage expresses on its face an amount materially greater than the true amount of indebtedness is a badge of fraud.

We are asked to reverse the judgment because the verdict of the jury is contrary to the evidence. This we can not do for there is evidence tending strongly to support the verdict. It appears that the appellant's assignor did receive money from his wife; that he did agree to secure it to their children, and that, pursuant to this agreement, he executed the mortgage which appellant seeks to have adjudged fraudulent. Granting the truth of this evidence, the verdict of the jury must be upheld, and it is not for us to say that the testimony upon these material matters was false.

It is also insisted by the appellant, that the verdict is

contrary to law because the contract to execute the mortgage was one which could not be enforced. If it were granted that the statute of limitations, or that the statute of frauds, could have been successfully pleaded to an action upon such a contract, it would by no means follow that the promisor might not, as against creditors, carry it into execution and himself give it full effect. The rule is thus stated by a text-writer. " To the proposition that a conveyance in pursuance or in consideration of an agreement which can not be enforced is voluntary, there is one exception. Whenever there is a moral obligation, which can not be enforced on account of the provisions of the statute, there the party may waive the benefit of the statute, and the transfer will be valid as against creditors." Bump Fraud. Convey. 220. The case in hand is one calling strongly for the full application of this rule, for here it was the money of the wife which bought the real estate which the creditors now seek not only to subject to sale, but to free from the lien for the money with which it was purchased.

The counsel's argument, that the execution of the mortgage for a much larger sum than was actually due is such evidence of fraud as required, unless explained, a judgment declaring the mortgage void, is presented in another shape, but with even less plausibility. Here, again, part of the appellant's claim may be fully granted, and the conclusion he draws will not follow; for it might be broadly conceded that the mortgagor did intend to defraud his creditors, and this would not affect the mortgagees unless it affirmatively appeared that they had knowledge of such fraudulent intent. *Parton* v. *Yates*, 41 Ind. 456. The mortgagees, or, to be more exact, some of the mortgagees, not all, are shown to have said that they were willing to release the mortgage, but there is not a particle of evidence showing that they had any knowledge of any fraudulent intent on the part of the mortgagor. Indeed, the evidence

is extremely conflicting upon the question, as to whether the mortgagor had any intention of defrauding creditors. The evidence that the mortgagor did get fifteen hundred dollars from his wife is of the most satisfactory character, and the claim of appellees, that he agreed to secure it to the children of Isabella Rogers, is fairly sustained by the preponderance of the evidence.

Lastly, it is urged that interest ought not to have been allowed. We think differently. Sylvanus Rogers did get fifteen hundred dollars from the mother of the mortgagees; he did promise to secure the money to them; he has had the use of the money for seven years; and he ought to be allowed to pay interest, if he deems it just to do so. He had as much right to prefer and pay interest on an honest debt due his children, as to prefer or pay it to anybody else. *Kyger* v. *The F. Hull, etc., Co.*, 34 Ind. 249; *Buckner* v. *Stine*, 48 Mo. 407; *French* v. *Motley*, 63 Me. 326.

Judgment affirmed, at costs of appellant.