## EWING and Others v. PATTERSON.

COURT OF COMMON PLEAS.—*Jurisdiction.*—*Title to Real Estate.*—The court of common pleas has jurisdiction to foreclose mortgages, and the right to do so also confers the power to settle in such proceedings the title to the mortgaged premises.

PLEADING.—*Fraudulent Conveyance.*—*Evidence.*—To sustain an action by a judgment creditor to set aside conveyances alleged to be fraudulent, and to subject real estate held by the wife of the judgment debtor to the payment of the judgment, it is necessary to allege in the complaint, and to prove on the trial, that the judgment debtor does not possess other property subject to sale upon execution for the payment of the judgment.

SAME.—*Cross Complaint.*—The only difference between a complaint and a cross complaint is, that the first is filed by the plaintiff, and the second by the defendant. Both contain a statement of the facts, and each demands affirmative relief. In the making up of the issues and the trial of questions of fact, the court is governed by the same principles of law and rules of practice in the one case as in the other.

AMENDMENT.—Section 53 of the code (2 G. & H., 81), which provides for the amendment of pleading after a demurrer has been sustained, seems not to be discretionary, but imperative, and, in the absence of sham or frivolous pleading, a party should be allowed to amend.

APPEAL from the Wabash Common Pleas.

BUSKIRK, J.—This action was brought by John M. Patterson against John G. Ewing and Hannah M. Ewing, his wife, upon a note executed by Hannah M. and John G. Ewing, payable to John M. Patterson, for the sum of twelve hun-

dred dollars, and to obtain the foreclosure of a mortgage executed by the said Hannah M. and John G. Ewing to the said Patterson, to secure the payment of the said note.

On the 4th judicial day of the term, John Anspack, James M. Reed, Daniel Swar, Cornelius Sellers, and Charles Anspack, partners, doing business under the name, style, and description of Reed, Anspack & Company, and Abel Reed, and Daniel B. Miller, partners doing business under the name, style, and description of A. S. Scoville & Company, filed a sworn petition, alleging that they had an interest in and prior lien on the land described in the mortgage and complaint, and asking that they be made parties defendants, and permitted to defend the said action.

The petition was granted, and the above named persons were made parties defendants, who thereupon entered an appearance, and filed a cross complaint against Patterson and Ewing and Ewing. The cross complaint set out in detail the recovery of certain judgments in the Miami circuit court, the assignment thereon, the filing of transcripts in Wabash county, the issuing of executions, which judgments were against John G. Ewing and constituted, as was claimed, a prior lien on the land described in the mortgage. The cross complaint then alleges that the same premises described in the mortgage were on the — day of ———, 1866, purchased by the said defendant, John G. Ewing, with his own means, and that to defraud the said defendants answering, the said John G. Ewing caused the said premises to be conveyed by deed from one George W. Snidekar of that date to the said defendant Hannah M. Ewing, she at the time thereof knowing and participating in the same fraudulent design, and the said Hannah paying no part of the purchase-money aforesaid; and the defendants further answering, charge, that said mortgage sued upon in this action was by the said defendants, John G. and Hannah M. Ewing, given to the plaintiff, and by the plaintiff received with the fraudulent design of cheating, hindering, and delaying these answering defendants in the collection of their claims against said de-

fendant John G. Ewing, and that this suit is brought for the same fraudulent purpose.   These defendants further say that there is due on their said judgment the sum of one thousand four hundred and eighty-one dollars and twenty-nine cents, and the interest thereon from the 26th day of October, 1869; and they ask that said deed from said George W. Snidekar to the said Hannah M. Ewing, and said mortgage from the said Ewings to the plaintiff be decreed null and void as to them, and that the said premises named in the said mortgage be decreed to be sold and the proceeds thereof be applied in satisfaction of these defendants' said judgment, and for all other and proper relief.

Upon the filing of the above answer in the nature of a cross complaint, the parties filing the same demanded of the court that this cause should be transferred to the circuit court of the said county for trial, for the reason that the title to real estate was put in issue, which deprived the common pleas court of jurisdiction.   This demand was refused, and an exception was taken.   The plaintiff then demurred to the cross complaint, which was sustained.   The parties filing the answer asked leave of the court to amend the same, which leave was refused, to which an exception was taken by bill of exceptions.   The defendants, John G. and Hannah M. Ewing, were then called, and failing to appear, were defaulted. The damages were then assessed by the court, and a personal judgment was then rendered against Hannah M. and John G. Ewing, and a decree of foreclosure of the mortgage; and upon failure to realize enough by the sale of the mortgaged premises to satisfy the said judgment, then an execution was to be levied upon the property of both the Ewings.

This appeal is presented by the parties who were admitted defendants and filed the cross complaint.   Three errors are assigned; first, the refusal of the court to certify the cause to the circuit court; second, the sustaining of the demurrer to the cross complaint; third, the refusal of the court to permit the appellants to amend their cross complaint.   The purpose of the cross complaint was to have a conveyance

and mortgage set aside as fraudulent, and to have the premises subjected to sale for the payment of the judgment of the appellants. There being no cross error assigned by the plaintiff below upon the action of the court in making the appellants defendants, we will assume that they were properly made defendants; and being defendants, they had the right to file their cross complaint, and the plaintiff below and the two Ewings having appeared to the cross complaint without objection, they will be regarded as having waived any objection that may have existed to their being made defendants and their right to attack the validity of the deed and mortgage.

The first error assigned presents for our decision the question whether the cross complaint ousted the common pleas of jurisdiction of this cause. The common pleas court has no jurisdiction of an original action brought to set side a conveyance as fraudulent, for the reason that the title to real estate is involved. See *Bray* v. *Hussey*, 24 Ind. 228; *Mason* v. *Weston*, 29 Ind. 561; 2 G. & H. 22, sec. 11.

But the court of commom pleas has jurisdiction to foreclose mortgages, and the right to do so also confers the power to settle, in such proceeding, the title to the mortgaged premises, for otherwise the jurisdiction would be frequently ousted. *Toner* v. *Mitchell*, 13 Ind. 530; *Denny* v. *Graeter*, 20 Ind. 20.

The court committed no error in refusing to transfer the case to the circuit court.

The next error assigned involves the question whether the court erred in sustaining the demurrer to the cross complaint. We think the ruling of the court was correct. There was a fatal defect in the cross complaint. It did not contain an allegation that John G. Ewing did not possess other property subject to sale upon execution for the payment of the judgments of the defendants. To entitle them to the relief prayed for, it was necessary for them to allege and prove the insolvency of John G. Ewing; for otherwise, they would have no right to complain of the fraudulent character of the ·

conveyance to Mrs. Ewing.   As between Ewing and his wife, the conveyance was valid, but beween Ewing and his creditors, it would be invalid, if fraudulent, and he was destitute of other property with which to pay his debts.

The third error assigned is upon the refusal of the court to permit the appellants to amend their cross-complaint, after a demurrer had been sustained thereto.

The only real difference between a complaint and a cross complaint is, that the first is filed by the plaintiff and the second by the defendant.   Both contain a statement of the facts, and each demands affirmative relief upon the facts stated.   In the making up of the issues and the trial of questions of fact, the court is governed by the same principles of law and rules of practice in the one case as in the other. When a defendant files a cross complaint and seeks affirmative relief, he becomes the plaintiff, and the plaintiff in the original action becomes the defendant in the cross complaint.

The object of the code was to do away with the strict, inflexible, and technical rules of the common law, to the end that causes should be tried on their real and substantial merits, and not upon technicalities.   Sections 97, 98, and 99 of the code contain very liberal provisions for the amendment of pleadings.   2 G. & H. 117, 118.   The most of the amendments contemplated by these sections are to be allowed within the sound legal discretion of the court, and a judgment would not be reversed for the refusal of the court below to permit an amendment to be made, unless it was manifest that there had been an abuse of the discretion vested in the *nisi prius* courts.

But section 53 of the code (2 G. & H. 81) seems not to be discretionary, but imperative, in the absence of sham or frivolous pleading.   Section 53 provides: "If the court sustain a demurrer, the plaintiff may amend by the payment of the costs occasioned thereby."   Section 97 provides, that "any pleading may be amended by either party of course at any time before the pleading is answered.   All other amendments shall be by leave of the court," &c.

Section 99 provides, that "the court may at any time, in its discretion," &c., allow certain amendments therein enumerated to be made.

Sections 64 and 67, 2 G. & H. 92, and 94, provide that demurrers may be filed to the answer or reply for the same causes, and under the same rules and regulations prescribed for demurring to the complaint. But whether section 53 is to be regarded as imperative or discretionary, we think that the court erred in refusing the appellants leave to amend their cross complaint. The pleading had not been amended. This was the first leave to amend that had been asked. There was no attempt to cause delay. There is no pretense that the pleading was sham. If it was, it was the duty of the court under section 77 to have rejected it, and not have sustained a demurrer. The court, by sustaining a demurrer to the cross complaint, recognized and treated it as having been filed in good faith, but as defective in the averment of facts.

The refusal of the court to permit the amendment to be made is attempted to be justified by a statement in the bill of exceptions that one of the attorneys of the appellants stated orally in open court in regard to the said demurrer, that they sought nothing in this proceeding but to subject the balance of the money realized on the sale of the said mortgaged premises to the payment of their claim against the defendant, John G. Ewing, which statement the said attorney immediately, upon consideration, withdrew, while still on the floor and addressing the court, and then and there asked leave of the court to amend said cross complaint.

We are clearly of the opinion that the statement of the attorney, taken altogether, constituted no excuse for the refusal of the court to permit the amendment to be made. It seems to have been a hasty and unadvised remark, and was immediately afterwards withdrawn. We think that the court erred in refusing the leave to amend. The question is not, perhaps, before us, but to avoid a similar mistake in the future, we suggest to counsel whether the personal judgment against Mrs. Ewing can be sustained either on principal or by authority.

The judgment is reversed, and the cause remanded, with directions to grant a new trial, and for further proceeding in accordance with this opinion.

*L. H. Goodwin* and *B. F. Williams*, for appellants.