## BAUGH v. BOLES.

GUARDIAN AND WARD.—*Surety.*—*Fraudulent Conveyance.*—A complaint alleged that A. was appointed guardian of certain minors, and the plaintiff became surety on his bond; that A. received money as such guardian and subsequently purchased real estate from B. and received a deed for the same which was not recorded; that thereafter becoming greatly involved in debt and not having sufficient means to pay the same, he destroyed the deed, and induced said B. to execute a new deed for said real estate to the infant son of A., for the express purpose on the part of A. of wronging, cheating and defrauding his creditors, of whom the plaintiff was one, out of their just rights and preventing the sale of said property to pay his debts; that the deed to the minor son of A. was without consideration except love and affection; that A. had left the State without paying his debts or paying over or accounting for the money received as guardian; that he still remained absent; that the plaintiff, to avoid suit on the bond as surety, paid the sum due to the wards, they being of age, which sum had not been repaid, but remained due; and the complainant asked to subject the land to sale to pay said indebtedness.

*Held*, that the complaint was not sufficient on demurrer, even admitting that the deed conveyed title to the infant, as the necessity for the sale of the land was not shown by an allegation of the want of other property in A. to satisfy the debt.

APPEAL from the Monroe Circuit Court.

DOWNEY, C. J.—This action was instituted by the appellee against the appellant and one Henry Baugh. The complaint alleges, in substance, the following facts: That said Henry Baugh was appointed guardian of certain minors, by the family name of Comman, on the 22d day of February, 1851, the plaintiff becoming the security on his guardian's bond; that on the 20th day of October, 1851, the said guardian received of money of his wards the sum of two hundred and seventy-five dollars and thirty-three cents; that afterwards said Henry Baugh purchased certain real estate of one Anderson, and received a deed therefor from him; that afterwards said Henry Baugh, being greatly involved in debt, and not having sufficient means to pay the same, and the deed executed to him not having been recorded, the said Henry Baugh, with the knowledge and consent of Anderson, destroyed said deed, and caused said Anderson to execute a deed for said land to said Walter Baugh, the infant son of said Henry Baugh, for the express purpose, on the part of said Henry Baugh, of wronging, cheating, and defrauding his creditors, of whom plaintiff is and was one, out of their and his just rights, and to prevent said lot from being applied to the payment of his just debts; that the deed to said Walter was without consideration, except love and affection; that after the execution of the deed to Walter, Henry Baugh left the State of Indiana without paying any of his debts or making settlement of said guardianship, or paying over or accounting for said money, and has not since returned; nor has he yet accounted for the same; that the plaintiff, to avoid being sued on said bond, the wards having become of age, paid them the sum of six hundred and eight dollars, being the amount due them from said Henry Baugh, as such guardian, which amount has not been paid to him by said Henry Baugh, but the same, and the interest thereon, remains due to him; wherefore he asks judgment for eight hundred dollars against Henry Baugh; that the deed to Walter Baugh be declared void, as against

the plaintiff; that the said real estate be ordered to be sold, and so much of the proceeds as necessary applied to the payment of his debts, and for other relief.

Walter Baugh, by his next friend, demurred to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action, which demurrer was overruled, and the infant, by his guardian *ad litem*, excepted; and this is the first error assigned.

Adopting the theory of the plaintiff, that the second deed from Anderson, upon the destruction of the first one, vested the title to the real estate in Walter Baugh; that that transaction was fraudulent; and that the action, so far as it concerns Walter, is brought to set aside that deed; then we think the complaint was defective, in not showing the necessity for resorting to this land in order to make the debt due to the plaintiff. It is not shown that Henry Baugh had not, and has not, property out of which the plaintiff's debt can be made, without interfering with this property conveyed to the infant. If he has, then there is no reason or equity for taking this away from the appellant. The nearest approach to such an allegation in the complaint is, that at the time of causing the deed to be made to Walter, Henry Baugh was greatly involved in debt, and had not sufficient means to pay the same. This does not sufficiently show the necessity for selling this land. "A man thus indebted may undoubtedly make a voluntary conveyance (or cause it to be done, we may add) that will be valid, as such a conveyance should not be attacked by creditors till after his other property is exhausted, and it proving sufficient for the payment of his debts, the voluntary conveyance should stand." *Law* v. *Smith*, 4 Ind. 56.

Walter Baugh, by his guardian *ad litem*, answered by denying each and every allegation of the complaint.

There was a trial by the court, finding for the plaintiff; a motion was made for a new trial and overruled, and final judgment was rendered for the sale of the real estate, &c.

The second error assigned is the refusal of the court to

grant a new trial, and this presents several questions. We need not examine these questions. We are satisfied to reverse the judgment on the insufficiency of the complaint. We will remark, however, that the record makes this recital: "Comes now the plaintiff, by his attorney, and files proof of publication as to the defendant Henry Baugh, and the said defendant, being three times called, comes not nor answers herein, but wholly makes default," &c.

Neither the notice nor the affidavit of its publication is in the record before us. The record does not show any process or the service thereof on the infant defendant. *Abdil* v. *Abdil*, 26 Ind. 287, and cases cited. The evidence justifies the inference that Henry Baugh was dead long before this action was commenced, as the witnesses swear he had not been heard of for eight or nine years, and that it was understood among his relatives that he had started home from California and had been lost at sea.

The judgment is reversed, with costs, and the cause remanded.

BUSKIRK, J., having been of counsel, was absent.

*S. H. Buskirk,* for appellant.