## PENCE ET AL. *v.* CROAN.

FRAUDULENT CONVEYANCE.—*Question of Fact.*—Under the statute, the question of fraudulent intent in making a conveyance is not one of legal inference or presumption, but is one of **fact**, to be found from the facts and circumstances of the case.

SAME.—A conveyance of real estate or charge on the same cannot be adjudged fraudulent as against creditors or purchasers solely on the ground of there having been no valuable consideration for the same. ·

SAME.—*Pleading.*—*Evidence.*—Under the statute, a creditor seeking to set aside a conveyance, on the ground of its being fraudulent, must allege and show the facts and circumstances necessary to make out the case, in addition to the want of a valuable consideration.

From the Madison Circuit Court.

*H. D. Thompson* and *J. A. Harrison,* for appellants.

*M. S. Robinson, J. W. Lovett, J. W. Sansberry* and *E. B. Goodykoontz,* for appellee:

DOWNEY, J.—The appellee sued Joseph Pence, Joseph A. Pence and Jasper Nelson. The complaint is in a single paragraph, and states the following facts: That on the 24th day of January, 1871, the plaintiff recovered a judgment in the Madison Common Pleas against Joseph Pence and one Clark, for nine hundred and seventy dollars, without relief, etc., on a promissory note, dated July 29th, 1870, due in thirty days, which judgment remains unpaid; that on the 20th day of March, 1871, an execution was duly issued on the judgment, which was returned by order of the plaintiffs; that neither said Pence nor said Clark has, at any time since the rendi-

tion of said judgment, owned or possessed any lands, tenements, goods, chattels, or things in action, which could have been reached by execution; that on the 29th day of July, 1870, said Joseph Pence purchased with his own means certain real estate described in the complaint, of said Jasper Nelson, for the sum of thirteen thousand dollars, and which was and is worth that sum. It is further alleged that with the intent and for the purpose of cheating, hindering, delaying and defrauding the plaintiff and other creditors out of their just debts, said Joseph Pence procured and directed said Nelson to deed and convey the said real estate to Joseph A. Pence, the son of the said Joseph Pence, then a minor, who never paid or agreed to pay said Joseph Pence or the said Jasper Nelson any consideration whatever for said conveyance; that execution upon said judgment against said Joseph Pence or said Clark would be fruitless and unavailing, as neither of them has any property subject to execution. Prayer, that the deed from Nelson to Joseph A. Pence be declared void as to the plaintiff, for the sale of the land or so much as may be necessary, and for other proper relief.

The complaint was held good on demurrer thereto, and this ruling of the circuit court is the only question which need be decided.

It was said in *Hubbs* v. *Bancroft*, 4 Ind. 388, that under the statute of Eliz., fraud, in the making of a voluntary conveyance by one at the time indebted, would be presumed, although at common law the question was one of fact. This rule was applied in the early cases in this court. *Demaree* v. *Driskill*, 2 Blackf. 115. And see 2 Kent Com. 441, note 1. Now, however, we have this statute: " The question of fraudulent intent, in all cases arising under the provisions of this act, shall be deemed a question of fact, nor shall any conveyance or charge be adjudged fraudulent, as against creditors or purchasers, solely on the ground that it was not founded on a valuable consideration." 1 G. & H. 353, sec. 21.

Two propositions are clearly enunciated here:

1. That the question of fraudulent intent shall no longer be one of legal inference or presumption, but it shall be one of fact, to be found from the facts and circumstances of the case as any other fact.

2. That the conveyance or charge shall not be adjudged fraudulent as against creditors or purchasers, solely on the ground that it was not founded on a valuable consideration. That is, that something more must be shown against the deed than that it was not made upon a valuable consideration. If the party is indebted at the time of the conveyance and has not means left adequate to the payment of his debts, or if there are reasonable grounds on which to suspect his present and continued solvency, such and the like facts or circumstances, in addition to the absence of a valuable consideration, would, no doubt, be sufficient to overthrow the conveyance.

It must be the rule, we think, under this statute, that the facts or circumstances, in addition to the want of a valuable consideration, necessary to make out the case, must be alleged and shown by the party seeking to set aside the conveyance. We cannot think that when such party has shown that the conveyance was made without a valuable consideration, the grantee must then assume the *onus* of proving that the deed was made in good faith, by showing that the grantor had other means with which to pay his debts, or some other fact sufficient to rebut an inference of fraud. Such a rule would be, in effect, to abrogate the statute and entitle the party attacking the conveyance to have it set aside by showing merely that it was not founded upon a valuable consideration, which the statute prohibits.

The complaint in this case alleges that the consideration for the conveyance of the land from Nelson to Joseph A. Pence was wholly paid by Joseph Pence, and that he caused the land to be conveyed to his son to defraud the plaintiff and others of his creditors. It appears also from the dates given that the conveyance was made on the same day on

which the note bore date on which the judgment sought to be collected was rendered.

It does not appear that Joseph Pence had not other property and means ample and sufficient at the date of the conveyance from Nelson to pay and satisfy all his debts. The allegation is, that the judgment defendants had not, at any time after the rendition of the judgment, any property subject to execution. The judgment was not rendered until about six months after the date of the conveyance alleged to be fraudulent.

We think the complaint does not sufficiently show that the transaction in question was fraudulent.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the demurrer to the complaint.