## EVANS ET UX. *v.* HAMILTON.

FRAUD.—*Fraudulent Conveyance.—Action to Set Aside.—Pleading.*—In an action by a judgment creditor, to set aside an alleged fraudulent conveyance by his debtor, of the latter's real estate, so as to subject it to execution, the complaint must allege, that, at the time such conveyance was made, such debtor did not then have sufficient other property remaining to pay all his debts.

SAME.—It is not sufficient to charge in such complaint, that, at the time of the filing thereof, such creditor has not then sufficient other property remaining to satisfy all his debts.

SAME.—*Evidence.*—The facts that such conveyance was made voluntarily, without consideration, and during the pendency of the action resulting in the judgment sought to be collected, are proper matters of averment and evidence, as tending to establish the fraud alleged.

From the Boone Circuit Court.

*Harrison & Terhune, N. B. Taylor, F. Rand,* and *E. Taylor,* for appellants.

*S. H. Buskirk* and *J. W. Nichol,* for appellee.

NIBLACK, J.—This was an action by Orville S. Hamilton, against James Evans and Margaret Evans, to have certain deeds of conveyance set aside, as fraudulent and void, and was commenced April 16th, A. D. 1875.

The complaint stated, in substance, that, on the 24th day of December, 1869, the said James Evans was the owner of a certain tract of land, describing it, lying in the county of Boone and State of Indiana, containing, as was supposed, a little more than forty-eight acres.

That, on said 24th day of December, 1869, the said James Evans and his codefendant, Margaret Evans, who was his wife, by deed of conveyance, conveyed said tract of land to one Lurena Austin.

That at the time of the conveyance of said tract of land, the said James Evans was indebted to the plaintiff on a promissory note, bearing date the 24th day of April, 1867, and due twelve months after date, for the sum of one thousand and twenty-four dollars. That on the 29th day of September, 1870, the plaintiff recovered a judgment in the Boone Circuit Court, on said note, including interest, against the said James Evans, for the sum of twelve hundred and thirty-two dollars and twenty cents, and the further sum of sixty dollars and twenty cents, for his costs and charges in obtaining said judgment. That said judgment remained wholly unpaid. That the deed of conveyance to the said Lurena Austin was executed while suit was pending in said Boone Circuit Court, against the said James Evans, on said note. That the said James Evans was then—that is, when the complaint was filed,—wholly and totally insolvent, and had no property whatever out of which said judgment could be satisfied, except the land so conveyed away, as aforesaid. That the said James Evans conveyed said land to the said Lurena Austin, with the fraudulent intent to hinder, delay and defraud the plaintiff out of the amount due on said note. That said Lurena Austin well knew of and participated in said fraud, and received said deed

of conveyance with the fraudulent intent of hindering, delaying and defrauding the plaintiff out of his said debt, so due upon said note, and for no other or different consideration; and paid no consideration whatever for said land.

That afterwards, to wit, on the 25th day of December, 1872, the said Lurena Austin, to further carry out the fraudulent intent of the said James Evans, with her husband, Samuel Austin, conveyed said land to the said Margaret Evans, who then was, and for thirty years previously had been, the wife of the said James Evans. That the said Margaret Evans paid no consideration whatever for said land, but, on the contrary, received said deed of conveyence with the fraudulent intent to hinder, delay, cheat and defraud the plaintiff out of his said debt. That the said James Evans was then, and for the preceding ten years had been, in possession of said land. Wherefore the plaintiff demanded judgment, that said conveyance should be set aside and declared void, and that said land might be decreed to be sold to satisfy said judgment, and for all other proper relief.

The defendants demurred to the complaint, alleging that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendants excepted.

The defendants then answered in general denial. There was a trial by a jury, resulting in a general verdict for the plaintiff, accompanied with answers to certain special interrogatories which were submitted to the jury, and a judgment for the plaintiff, on the general verdict.

There were several exceptions reserved on the trial by the defendants, as well as upon the action of the court in refusing to enter judgment in their favor on the special findings of the jury, and in overruling a motion for a new trial.

The first error assigned here challenges the ruling of

the court below in refusing to sustain the defendants' demurrer to the complaint.

It is objected by Evans and wife, that the facts stated in the complaint were not sufficient to constitute the conveyances complained of fraudulent conveyances as against the said Hamilton, and we are referred to former rulings of this court to sustain that position. It is charged, that both the conveyances were voluntary, and were made with the fraudulent intent of hindering and delaying the said Hamilton in the collection of his said debt; that no change in the possession of the land followed the conveyances; and that the conveyance to Lurena Austin was made while the suit of Hamilton was pending against the said James Evans, on said note.

The facts thus charged were proper to be considered, as tending to prove the alleged fraudulent character of the conveyances, but they were not of themselves sufficient to make out a case for the plaintiff. It ought also to have been shown, that, at the time the conveyances were made, the said James Evans did not have sufficient other property remaining to pay all his debts. It was not sufficient to charge, that, at time of the commencement of this suit, which was several years afterwards, the said James Evans was wholly and totally insolvent. This doctrine has been heretofore fully recognized by this court, in the cases of *Pence* v. *Croan,* 51 Ind 336, and *Sherman* v. *Hogland,* 54 Ind. 578. In those cases the complaints were very similar to the one before us, in their general scope and purposes, and were held insufficient. For the reasons assigned in those cases, the demurrer to the complaint in this case ought to have been sustained.

The assignment of errors presents other questions arising upon, and subsequent to, the trial, but the view we have taken of the complaint renders it unnecessary that we shall consider them.

The judgment is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.