ROMINE ET UX. *v.* ROMINE.

PLEADING.—*Practice.*—*Demurrer.*—A general demurrer for insufficiency, filed to a complaint of more than one paragraph, should be overruled if any of such paragraphs be sufficient.

Romine *et ux. v.* Romine.

SAME.—*Fraudulent Conveyance.—Action to Set Aside.*—In an action by a creditor to set aside an alleged fraudulent conveyance by the debtor of his real estate, and subject the same to execution, the complaint must, to be sufficient against the grantee, allege, that, at the date of said conveyance, such debtor did not have other property left sufficient for the payment of all his then existing debts.

PRINCIPAL AND SURETY.—*Payment by Surety.—Action Against Principal.—Promissory Note.*—A surety who discharges the debt of his principal, by simply executing to the creditor his individual promissory note, not payable in bank, can not, until he has actually paid the same, maintain any action against his principal to recover the amount of the debt.

From the Vigo Circuit Court.

*S. C. Davis, S. B. Davis* and *E. D. Seldomridge,* for appellants.

*R. Dunnigan* and *S. C. Stimson,* for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued the appellants, as defendants, in the court below.

The appellee's complaint was in two paragraphs.

In the first paragraph, the appellee alleged, in substance, that, on the — day of March, 1874, the appellant John Romine, and the appellee, as his surety, executed a note to one Edna Blocksom, for three hundred and fifty-seven dollars, for a "team of horses, a wagon, and one set of double harness;" that, on December 20th, 1874, said note became due, and said Edna Blocksom sued the appellee and appellant John Romine, on said note, and obtained judgment for four hundred and twelve dollars and fifty-two cents, and costs taxed at $——; that, on the — day of March, 1875, the appellee paid and satisfied said judgment, by paying the amount thereof, with interest, to said Edna Blocksom, and he made said judgment, and the receipt of payment thereon, a part of his complaint; that, at the time the appellant John Romine contracted said debt, for which said note was executed to said Edna Blocksom, he was the owner in fee-simple of certain real estate in Vigo county, Indiana, particularly described in said paragraph of the complaint; that, on the 2d day of September, 1874, the appellant John Romine, intending to cheat the appellee

out of his remedy against him, as surety on said note, and to compel the appellee to pay said note, on said day fraudulently conveyed to the appellant Barbara Romine the said real estate, for the sum of five hundred dollars, who then and there had notice of the fraudulent intent of the said John Romine, who had no other property except some household furniture, of the probable value of one hundred and fifty dollars; and the appellee said, that the real estate conveyed by the appellant John Romine, to the appellant Barbara Romine, was of the value of five hundred dollars.

The second paragraph of the complaint did not differ materially, in its averments, from the first paragraph, except in this, that it was alleged in said second paragraph, that the appellant John Romine conveyed said real estate to the appellant Barbara Romine, without any consideration whatever, and that the appellant John Romine was insolvent, and had no property subject to execution, except a small amount of furniture, of the probable value of one hundred dollars, and that said conveyance was voluntary and made for the sole purpose of cheating and defrauding the appellee. In each of the paragraphs, the appellee asked judgment against the appellant John Romine, for five hundred dollars, and against the appellant Barbara Romine, declaring the said conveyance to her of said real estate fraudulent and void as to the appellee, and that said conveyance be set aside, and said real estate be subjected to levy and sale to satisfy the appellee's debt and costs, and for all other proper relief.

The appellants separately demurred to appellee's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action; which demurrers were severally overruled, and to these decisions the appellants severally excepted.

The appellants separately answered the appellee's complaint, by a general denial, and the issues joined were submitted to a jury for trial; and, the appellee having in-

troduced his evidence, the appellants separately demurred thereto, and thereupon the jury was discharged.

The court below overruled the demurrers to the evidence, and to these decisions the appellants severally excepted.

The court found, that Edna Blocksom, on January 3d 1875, recovered judgment against the appellant John Romine as principal, and the appellee as his surety, for four hundred and twelve dollars and fifty-two cents and costs; that the appellee, as such surety, paid said judgment to said Edna Blocksom; that there was then due the appellee, from said John Romine, on the payment of said judgment, the sum of four hundred and forty-six dollars and eighty-nine cents; that the appellant John Romine did, on September 2d, 1874, as against the appellee and said Barbara Romine, fraudulently convey to said Barbara Romine the real estate described in the complaint; that the said Barbara, in good faith, paid said John Romine, on the purchase-money of said real estate, the sum of one hundred and forty-two dollars, which sum was then due the said Barbara from the said John Romine, and was a paramount lien on said real estate, as against the appellee and said John Romine; and that the said conveyance to said Barbara ought to be set aside, and the said real estate ought to be sold to pay, 1st, the costs of this action; 2d, to said Barbara Romine, said sum of one hundred and forty-two dollars, with six per cent. interest from January 3d, 1876; and, 3d, to the appellee, said sum of four hundred and forty-six dollars and eighty-nine cents, with ten per cent. interest from said January 3d, 1876. And the court rendered judgment in accordance with its finding, from which judgment this appeal is now prosecuted.

In this court the appellants severally assigned, as errors, the decisions of the court below, in overruling their separate demurrers to appellee's complaint, and in overruling their separate demurrers to the appellee's evidence.

The appellants' demurrers were each to the entire complaint, and not to each paragraph separately ; and therefore, if either of the paragraphs stated facts sufficient to constitute a cause of action, the demurrers thereto would have been properly overruled.   It is very clear, that the demurrer of the appellant John Romine was properly overruled, as each of the paragraphs of the complaint stated a good cause of action against him.

It is not so clear, however, that either of the paragraphs stated a cause of action against the appellant Barbara Romine; and certainly the first paragraph was insufficient as against her.   In the second paragraph, it was alleged, that the conveyance to Barbara was voluntary and without any consideration ; but such a conveyance would be valid and binding, except as to the creditors of the appellant John Romine, the grantor in said conveyance. It was also alleged, in said second paragraph, which was filed on the 16th day of April, 1875, in the court below, that " John Romine is insolvent, and has no property subject to execution except a small amount of furniture, of the probable value of one hundred dollars.

Of course, this allegation has reference only to the time then present, to wit, April 16th, 1875, and can not, by any rule of construction, be made to refer back to the 2d day of September, 1874, the date of the conveyance by said John to said Barbara Romine.   It can not be said, therefore, that, in the second paragraph of his complaint, the appellee alleged, that, at the time the conveyance to Barbara Romine was executed, the appellee's debtor, John Romine, did not have an abundance of other property subject to execution, to pay all his then existing debts.   For this reason, and for the want of such an allegation, it seems clear to us, that the second paragraph of the complaint was also insufficient, as against the appellant Barbara Romine; and therefore we hold, that the court below erred in overruling her demurrer to appellee's complaint.   *Sims* v. *Ricketts*, 35 Ind. 181; *Ewing*

*v. Patterson*, 35 Ind. 326 ; *Baugh* v. *Boles*, 35 Ind. 524 ; *Brook-bank* v. *Kennard*, 41 Ind. 339 ; *Pence* v. *Croan*, 51 Ind. 336 ; *Sherman* v. *Hogland*, 54 Ind. 578 ; *Eagan* v. *Downing*, 55 Ind. 65 ; *Evans* v. *Hamilton*, 56 Ind. 34.

It seems to us, that the court below erred in overruling the demurrer of each of the appellants to the appellee's evidence. In so far as the appellant John Romine was concerned, the cause of action stated by the appellee in each paragraph of his complaint was, that he was the surety of said John on a note executed to Edna Blocksom, on which note the said Edna had sued and obtained a judgment against said John, as principal, and the appellee, as his surety ; and that the appellee, as such surety, on the — day of March, 1875, paid the said judgment. The appellee's evidence in regard to the payment of said judgment was, "that he paid the judgment, taken by Edna Blocksom against him and John, by executing to her his promissory note, with security ; the note was not payable in bank ; that he had never paid any money on the judgment." Appellee also gave in evidence a receipt, dated March 5th, 1875, the date of said judgment, signed by the attorneys of the judgment-plaintiff, "in full of the annexed judgment." This was all the evidence introduced by the appellee which tended to establish his payment of the judgment.

It is insisted by the appellants' attorneys, that this evidence showed conclusively, that the appellee had not paid said judgment ; and that, therefore, the demurrers to the evidence should have been sustained.

This position is well taken. The payment shown by appellee's evidence was not such a payment as would enable the appellee, as surety, to maintain an action against his principal, John Romine, for the recovery of the amount of the alleged payment. The leading case on this subject, in this court, is that of *Pitzer* v. *Harmon*, 8 Blackf. 112, in which case DEWEY, J., said, "we think it somewhat unsafe to establish the doctrine,

that a surety who has discharged the debt of his principal by a new security, may turn round and sue him for money which he has not paid, and perhaps may never pay." In the case of *Bennett* v. *Buchanan*, 3 Ind. 47, it was held, that the giving of security for the payment of the new or substituted note did not change the rule. The doctrine of the cases cited has ever since been recognized and approved by this court. *Stevens* v. *Anderson*, 30 Ind. 391; *White* v. *Miller*, 47 Ind. 385; and *Alford* v. *Baker*, 53 Ind. 279.

Under the appellee's evidence, therefore, and the law of this State applicable thereto, it is clear that the appellee had no cause of action against the appellant John Romine; and, without a cause of action against the said John, it is equally clear that he could have none whatever against the appellant Barbara Romine. For a valid cause of action against John Romine, in the appellee's favor, was the only foundation for any claim or cause of action, in his favor, against the said Barbara Romine.

For the reasons given, in our opinion, the court below erred in overruling the appellants' demurrers to appellee's evidence.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to the court below to sustain the appellants' demurrers to appellee's evidence, and render judgment accordingly.