WEDEKIND ET AL. *v.* PARSONS, ADMINISTRATOR, ET AL.

FRAUDULENT CONVEYANCE.—*Complaint to Set Aside.*—A complaint to set aside an alleged fraudulent conveyance of real estate by a debtor, which does not aver the insolvency of the debtor at the time of making the conveyance, is insufficient on demurrer.

SAME.—*Answer.—Evidence.—Harmless Ruling.*—Where, in such action, the defendant has pleaded the general denial, evidence is admissible thereunder to support the deed, and the sustaining of a demurrer to a paragraph of answer pleading such matters specially is harmless.

From the Wayne Circuit Court.

*S. A. Forkner* and *W. W. Woods,* for appellants.

*H. C. Fox,* for appellees.

BIDDLE, J.—Complaint, in two paragraphs, of Amos W. Parsons, administrator of the estate of William Jennings, deceased, to set aside a conveyance of certain lands, alleged to be fraudulent, and subject the lands to sale for the payment of the debts of the estate.

The first paragraph charges, that, on the 3d day of June, 1870, the appellee William Jennings, Jr., and his father, William Jennings, executed to one Esther Brister a promissory note as evidence of debt; that, on the 7th day of January, 1873, a judgment was taken against them on said note, by said Brister, in the Marion Superior Court, for the sum of $608.05 ; that, on the 11th day of May, 1872, William Jennings, being the owner of certain lands situate in Wayne county, Indiana, did, " with the wicked and fraudulent intent to cheat, hinder and delay his creditors, and especially with the fraudulent intent to cheat, hinder and delay the said Esther Brister in the collection of her said note," convey said lands to the appellant Theodore Wedekind, " who took and accepted said conveyance with full notice and knowledge of the fraudulent intent and designs of said William Jennings ;" that said Jennings afterwards died intestate, and the appellee Amos W. Parsons was appointed administrator of his estate ; that said judgment has been presented to him for payment and allowed ; that said Jennings died, seized of no lands, and had no personal property, and consequently there are no assets to pay said claim and other indebtedness ; and concluding with the prayer that said lands may be sold to satisfy said indebtedness. It is alleged that William Jennings, Jr., is, and has been continuously since the rendition of said judgment, wholly insolvent.

The second paragraph is like the first, except in this : It charges, "that in said deed the consideration for said lands is falsely and fraudulently stated to be in the sum of two thousand dollars, whereas, in truth and in fact, the

.said defendant did not pay any thing whatever for said lands, but that said conveyance was purely voluntary, and made for the fraudulent uses and purposes aforesaid, and none other."

Demurrers were filed to each of the paragraphs of the complaint, for the alleged want of sufficient facts, and overruled.

An answer was filed in four paragraphs. A demurrer was filed to the second and third paragraphs of the answer, which was overruled as to the second, and sustained as to the third. Exceptions.

A trial was had by a jury, and a verdict returned in favor of the plaintiff below.

A motion for a new trial was filed and overruled. Exceptions.

Judgment on the verdict. Appeal.

The errors assigned in this court are:

1. Overruling the demurrer to the complaint;

2. Sustaining the demurrer to the third paragraph of answer; and,

3. Overruling the motion for a new trial.

Neither paragraph of the complaint is sufficient; neither avers the insolvency of the vendor at the time the deed was made. This is necessary. We have decided the question frequently, and given the reasons and authorities supporting the decision. We do not repeat the reasons here, but refer to the authorities cited below. The appellees think that such a decision "is not a correct exposition of the law, and should be modified." We think differently. *Ewing* v. *Patterson*, 35 Ind. 326; *Baugh* v. *Boles*, 35 Ind. 524; *Pence* v. *Croan*, 51 Ind. 336; *Morgan* v. *Olvey*, 53 Ind. 6; *Alford* v. *Baker*, 53 Ind. 279; *Sherman* v. *Hogland*, 54 Ind. 578; *Eagan* v. *Downing*, 55 Ind. 65; *Evans* v. *Hamilton*, 56 Ind. 34; *Bentley* v. *Dunkle*, 57 Ind. 374; *Romine* v. *Romine*, 59 Ind. 346; *Deutsch* v. *Korsmeier*, 59 Ind. 373; *Allen* v. *Vestal*, 60 Ind. 245.

The third paragraph of answer sets up a state of facts showing the consideration of the deed, the motive of the conveyance and its general fairness. This is no more than what the deed carries with itself, *prima facie*, and might be given in evidence under the general denial, in answer to evidence tending to show fraud. Sustaining a demurrer to this paragraph, after a trial, with the general denial in, becomes harmless.

The judgment is reversed, at the costs of the appellees, to be levied of the assets of the estate; cause remanded, with instructions to sustain the demurrer to each paragraph of the complaint, and for further proceedings.