## No. 7401.

## NOBLE ET AL. *v.* HINES.

FRAUDULENT CONVEYANCE.—*Complaint to Set Aside.*—A complaint to set aside an alleged fraudulent conveyance of real estate by a debtor must aver, that at the time such conveyance was made the debtor did not have sufficient other property, subject to execution, to pay and satisfy all his then existing debts.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis*, for appellants.

*A. F. Shirts, H. Dailey* and *W. N. Pickerill*, for appellee.

HOWK, J.—In this action, the appellee sued the appellants to have certain conveyances of real estate declared fraudulent and void as against the appellee, and the real estate subjected to sale on executions in her favor and against the appellant John W. Noble. The cause having been put at issue was tried by a jury, and a verdict was returned for the appellee ; and the appellants' motion for a new trial having been overruled, and their exception saved to this ruling, the court rendered judgment on the verdict, in accordance with the prayer of appellee's complaint.

Noble *et al. v.* Hines.

The appellants have assigned, as errors, the following decisions of the circuit court:

1.   In overruling their demurrers to appellee's complaint; and,

2.   In overruling their motion for a new trial.

In her complaint the appellee alleged, in substance, that at the March term, 1869, of said court, she recovered a judgment against the appellant John W. Noble, for the sum of $2,500.00, as damages for his breach of a marriage contract between him and her, and the costs of suit taxed at $———; that at the same term of said court the appellee recovered another judgment against said John W. Noble for the sum of $1,500.00, as damages for her seduction by him, and the further sum of $———, as the costs of said suit; that each of the said judgments remained in full force, unreversed and wholly unpaid; that on the 22d day of December, 1878, at which time the suits were pending in which the appellee subsequently recovered her said judgments against said John W. Noble, the said John W. Noble, by his deed, sold and conveyed his undivided interest in certain real estate, particularly described, in Hamilton county, then and before owned by said John and his brother, one Shepler F. Noble, to his father, the appellant William F. Noble; that the said deed was executed by said John W. Noble to said William F. Noble for the pretended consideration of $2,442.50, paid by the grantee to the grantor, but in fact in trust for the grantor, and for the fraudulent purpose of cheating, hindering and delaying the appellee in the collection of her claims for damages, for the recovery of which she was then prosecuting suits against the said John W. Noble; that the appellant William F. Noble, well knowing the premises, accepted said deed, for the purpose of aiding the said John W. Noble in consummating his said fraudulent purpose; that afterward, on January 21st, 1871, the said John W. Noble purchased another undivided interest in said real estate, which he caused

to be conveyed, in trust for himself and for said fraudulent purpose, to said William F. Noble; that in December, 1872, and in November, 1875, the said John W. Noble purchased other described real estate, in said county, for the sum of $3,450.00, all paid out of his own funds except an amount, less than $800.00, furnished him by his wife, the appellant Eliza Noble; that, for the fraudulent purpose aforesaid, the said John W. Noble caused the deeds for the last mentioned real estate to be made to his said wife, Eliza Noble, who mixed her said money with his, and suffered the same to be paid on said real estate, and accepted the said deeds therefor, for the fraudulent purpose of aiding her said husband in hindering and delaying the appellee in the collection of her said judgments; that afterward, on the 15th day of November, 1875, the said John W. Noble and Eliza Noble, his wife, to consummate the fraudulent purpose aforesaid, conveyed the said last mentioned real estate to said William F. Noble, for the expressed consideration of $3,500.00 to them in hand paid, but in fact for either none or a merely nominal consideration; that the said William F. Noble accepted the said last named conveyance, well knowing that the appellee's judgments were a lien thereon, for the fraudulent purpose of aiding the said John W. Noble in hindering and delaying the appellee in the collection of her said judgments; that the appellee had caused executions to be issued on her said judgments and placed in the hands of the sheriff of said county, who had been unable to find any property, real or personal, of said John W. Noble, in said county, except the said real estate so conveyed to said William F. Noble; that the deeds to said William F. Noble were a cloud upon the title to said real estate and would greatly depress the sale thereof on the appellee's executions, unless they were declared fraudulent and void as to her, before such sale; and that the said John W. Noble has no other property subject to execution except the said real estate. Wherefore, etc.

The foregoing is a full summary of all the allegations of fact in appellee's complaint; and the question presented for our decision, under the first alleged error, may be thus stated: Are the facts alleged sufficient to show that the appellee was or is entitled to have the deeds to William F. Noble and to Eliza Noble declared to be fraudulent and void as against her, and the real estate described in said deeds subjected to sale under the executions issued on her judgments against John W. Noble? It seems to us, that this question must be answered in the negative. In discussing this question, the appellants' counsel say: "A party has the right to dispose of his property in whatever manner he pleases, so long as it is not to the prejudice of his creditors. Therefore, it was necessary to aver in the complaint, and also to prove on the trial, that, at the time the several conveyances complained of were executed, the debtor, John W. Noble, one of the appellants, did not have enough of other property, subject to execution, to pay all his debts." This objection to the sufficiency of the complaint, we think, is well taken. This action appears to have been commenced on the 10th day of April, 1877; and it was alleged in the complaint, that at that time the appellant John W. Noble had no other property subject to execution. But the deeds, which the appellee asked to have declared fraudulent and void as against her judgments, were made by John W. Noble, or by his procurement, years before the commencement of this suit. There is no allegation in the complaint, that, at the times these deeds were made or procured to be made by said John W. Noble, he did not have an abundance of other property, subject to execution, to pay and satisfy all his then existing debts, the appellee's judgments included.

In *Sherman* v. *Hogland*, 54 Ind. 578, it was said: "After a very careful consideration of the whole subject, we have come to the conclusion, that, both on principle and on authority, it is necessary to charge in the complaint, and

prove on the trial, that, at the time the conveyance complained of was made, the debtor did not have left enough of other property, subject to execution, to pay all his debts.'' To the same effect, substantially, we cite the following more recent cases, in this court: *Eagan* v. *Downing*, 55 Ind. 65 ; *Evans* v. *Hamilton*, 56 Ind. 34 ; *Romine* v. *Romine*, 59 Ind. 346 ; *Deutsch* v. *Korsmeier*, 59 Ind. 373 ; *Price* v. *Sanders*, 60 Ind. 310 ; *Whitesel* v. *Hiney*, 62 Ind. 168 ; *Spaulding* v. *Myers*, 64 Ind. 264 ; *Wedekind* v. *Parsons*, 64 Ind. 290 ; *Hardy* v. *Mitchell*, 67 Ind. 485.

In the case at bar, we are of the opinion that the court erred in overruling the separate demurrers of the appellants to appellee's complaint.

This conclusion renders it unnecessary for us now to consider or decide any of the questions arising under the alleged error of the court, in overruling the appellants' motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the demurrers to the complaint, and for further proceedings not inconsistent with this opinion.