Dunn *et al. v.* Dunn.

No. 9310.

## DUNN ET AL. *v.* DUNN.

FRAUDULENT CONVEYANCE.—*Execution.*—*Parol Trust.*—*Agreement.*—Complaint to restrain the levy of an execution against another, upon lands of the plaintiff. Answer, that in 1868 the lands were conveyed by the execution defendant to the plaintiff, without consideration, upon a parol agreement that the latter would hold in trust for the former; and that afterwards in 1872, when the former became indebted to the execution plaintiff, he made a false and corrupt pretence of a purchase of the lands by the plaintiff from the execution defendant, in fraud of creditors, money being paid therefor, which was secretly returned, at which time the execution defendant had, and still has, nothing subject to execution. *Held,* that the answer was insufficient on demurrer.

*Held,* also, that said trust, if a trust at all, was an express one, and could not be created by parol.

From the Miami Circuit Court.

*R. P. Effinger, H. J. Shirk* and *J. Mitchell,* for appellants.
*J. L. Farrar, J. Farrar* and *S. D. Carpenter,* for appellee.

ELLIOTT, J.—Appellee alleges in his complaint that he is the owner of the real estate therein described; that the appellants have issued an execution upon a judgment rendered against David L. Dunn, and threatened to levy it upon and sell appellee's real estate to satisfy the judgment.

Appellants answered, admitting that on the 16th day of December, 1872, a judgment was obtained against David L. Dunn, and that they intend to seize and sell the real estate to satisfy the same, and averring that the judgment was rendered on a promissory note executed by the judgment debtor on the 4th day of February, 1868; that on the 6th day of April, of that year, the title to the real estate was in David L. Dunn; that, in order to obtain a loan from the school fund, he conveyed the land to appellee without consideration; that it was then verbally agreed by the grantee that he should hold the land for the grantor; that after the conveyance the appellee executed a mortgage to the school fund, obtained the desired loan, and delivered the proceeds to David L. Dunn, who re-

ceived and appropriated them to his own use; that the land was held by the appellee under the deed and verbal agreement stated until 1872; that in that year the appellee and David L. entered into a corrupt agreement for the purpose of defrauding the creditors of the latter, who was then largely in debt and insolvent; that, pursuant to such agreement, the appellee pretended to pay three hundred dollars for the land; that he did pay over that sum, but received it back two days afterwards; that the judgment debtor, " David L. Dunn, at that time, and ever since, has had no property, real or personal, subject to execution, out of which said judgment, or any part thereof, could be made."

It will be observed that it is not alleged that David L. Dunn, the judgment debtor, had no property subject to execution, in 1868, when the conveyance was made. The allegation is that he had no property subject to execution in 1872, when the alleged corrupt agreement is charged to have been made. It is settled that the validity of a transaction is to be determined from the circumstances of the parties at the time it occurred. If the grantor is solvent at the time the grant is made, his subsequent insolvency will not render it invalid. *Rose* v. *Colter,* 76 Ind. 590; *Evans* v. *Hamilton,* 56 Ind. 34; *Sherman* v. *Hogland,* 54 Ind. 578; *Pence* v. *Croan,* 51 Ind. 336. The case in hand must, therefore, be determined from the facts existing at the time the appellee received the conveyance, and as there is no allegation that the grantor had then no other property subject to execution, the conveyance can not be overthrown upon the sole ground that it was a voluntary one. It is a familiar rule that want of consideration alone will not make a conveyance fraudulent as to creditors. *Parton* v. *Yates,* 41 Ind. 456.

A voluntary conveyance is valid as against the grantor and his heirs. *Sharpe* v. *Davis,* 76 Ind. 17; *Laney* v. *Laney,* 2 Ind. 196; *Findley* v. *Cooley,* 1 Blackf. 261. The conveyance from David L. Dunn to the appellee must, as between them, be adjudged valid unless the verbal agreement created a

trust which the latter could enforce. If a trust at all, it was an express one, and express trusts can not be created by parol. R. S. 1881, section 2969. *Minot* v. *Mitchell,* 30 Ind. 228 ; *Pearson* v. *East,* 36 Ind. 27 ; *Owens* v. *Lewis,* 46 Ind. 488 ; *Irwin* v. *Ivers,* 7 Ind. 308 ; 1 Perry Trusts, section 79. No enforceable trust was created by the verbal agreement, and the judgment debtor, David L. Dunn, could neither have enforced the trust nor set aside the conveyance.

Such rights as the creditors of David L. possess, they acquire through him. He had no right to annul the conveyance, and they have acquired none. A creditor can not overturn a conveyance, valid as against his debtor, unless it be shown to be fraudulent. We have already seen that the conveyance to the appellee is not shown to have been fraudulent as to creditors, and it therefore follows that it can not be overthrown at their suit.

The answer does not charge that at the time the deed was executed to the appellee there was any intention to defraud creditors ; nor does it show any reason why a purely voluntary conveyance then made would not have been valid. There is no allegation that there was any intention to injure creditors, and if it were conceded that the transfer of the title was a wrongful evasion of law, it conferred upon creditors no right of action. Creditors can not impeach a conveyance not made for the purpose of defrauding them, and which works them no injury although it may be made for some other corrupt purpose.

If an enforceable agreement had been made between the appellee and the debtor, the creditors might, doubtless, have reached the grantor's interest, but there was no such agreement. The appellee holds by a deed, and no mere parol trust can prevail against it. The agreement relied on being entirely destitute of force, the deed stands alone, and, of course, invests the grantee with title. The deed can only be rendered ineffective by some valid agreement, and none such

having been shown, it remains in full force, and under it the appellee holds a title which the creditors can not destroy.

The court did not err in holding the answer bad.

Judgment affirmed.