Nov. Term,
1858.

PENNINGTON
v.
CLIFTON.

---

PENNINGTON *v.* CLIFTON and Another.

Where a debtor is entitled to the conveyance of the legal title to land, but abstains from securing it, under an agreement with the person in possession, that it should remain with him, in order that it may not be subjected to the payment of existing debts of the equitable owner, the land may be regarded as conveyed with intent to defraud, and hence, as subject to execution under § 526, 2 R. S. p. 154.

In such case, the creditor may proceed to settle the title before levy and sale; but he may elect to sell first, and let the purchaser perfect the title.

A person having a right to damages for a tort, is a creditor, within the statute against fraudulent conveyances.

A voluntary and colorable conveyance, accompanied in law by the presumption of a secret trust for the grantor, made for the purpose of defrauding present creditors, is void, also, against subsequent creditors; for such a fraud is a continuing one.

*Friday,*
*November 26.*

APPEAL from the *Hendricks* Circuit Court.

PERKINS, J.—Suit to quiet title of real estate. Complaint demurred to, demurrer sustained, and suit dismissed.

*Abel Pennington* filed his complaint in the *Hendricks* Circuit Court, alleging that on the 7th day of *April,* 1854,

one *Aaron Talbee* obtained a judgment in the *Putnam*
Circuit Court, in the state of *Indiana*, against *Andrew*
*Clifton* and *Stephen Elswick*, for 500 dollars and costs
taxed at 31 dollars, 80 cents; that by virtue of an execu-
tion on said judgment, the sheriff of *Hendricks* county
sold the tract of land described in the complaint, as the
property of said *Andrew Clifton*, said *Abel Pennington*
becoming the purchaser at 667 dollars.

The plaintiff further alleges that on the 15th of *January*,
1852, one *Jeremiah Fleece* instituted a suit in the *Hendricks*
Circuit Court against said *Andrew Clifton*, to recover a
large sum of money, to-wit, as damages for a tort, com-
mitted by him, &c., and that on the 10th of *March* follow-
ing, said *Andrew*, to defraud said *Fleece* out of any judg-
ment he might recover, and to defraud his creditors gene-
rally, conveyed, without consideration, the land in question
to one *John Clifton*, in secret trust for him, the grantor;
that afterwards said suit of *Fleece* was compromised and
settled; that afterwards, *John Clifton*, by the direction of
*Andrew*, conveyed the land named to one *John Stewart*,
since deceased; that *Stewart* subsequently conveyed the
same back to *John Clifton;* that these conveyances were
without consideration, and a part of the scheme to render
the original fraud of *Andrew Clifton* effective; and that
said *John*, at the time of the sheriff's sale, still held the
land by the consent of *Andrew*, instead of conveying it
back to him according to previous agreement, for the pur-
pose of defrauding said *Talbee* out of the judgment he
had subsequently obtained, as heretofore recited, against
said *Andrew*.

It is inferable from the complaint, that *Andrew* had no
other property. *Pennington* prays to have the title of *John*,
to the land in question, declared void, and his own quieted
as valid.

We think the facts stated in the complaint show that
*John Clifton*, at the time of the sheriff's sale, held the legal
title to the land in dispute without consideration, and
under an agreement with *Andrew*, made for the purpose
of defrauding creditors. Where a debtor is entitled to the

conveyance of the legal title to land, but abstains from receiving it, under an agreement with the person in possession of it, that it shall remain in him, in order that it may not be made subject to the payment of existing debts of the equitable owner, we think the land may be regarded as conveyed with intent to defraud, and hence, to be subject to execution under the clause of § 526, 2 R. S. p. 154, which enacts that "lands fraudulently conveyed with intent to delay or defraud creditors," and probably, also, under that clause which enacts that lands, and any estate, or interest therein, holden by any one in trust for, or to the use of another, shall be so subject. We think the case falls within *Tevis* v. *Doe*, 3 Ind. R. 129.

Such being the case, the creditor might have proceeded to settle the title before levy and sale; but he had his election to sell first, and let the purchaser take the legal proceedings to perfect the title if he preferred to do so. *Scott* v. *Purcell*, 7 Blackf. 66.

A person having a right to damages for a tort, is a creditor, within our statute against fraudulent conveyances. 1 R. S. p. 302, § 17.—1 Ind. R. 336.—*Rogers* v. *Evans*, 3 *id.* 574.

Counsel, in support of the decision of the Court below, urge, that at the time *Andrew* conveyed the land in question to *John Clifton*, he was not the debtor of *Talbee*, to give effect to whose judgment this suit was instituted; that he was, therefore, a subsequent creditor, and could not, nor can *Pennington* holding under him, be allowed to avail himself of the prior fraud in the conveyance. See *Lynch* v. *Raleigh*, 3 Ind. R. 273; also, 1 *id.* 378.

This case does not involve that principle; for, as we have seen, after the claim of *Fleece*, to avoid the payment of which the conveyance was originally made, was settled, *Andrew Clifton*, the debtor and fraudulent grantor, still procured *John Clifton*, the fraudulent grantee, to retain the title for the purpose of defrauding *Talbee*. We hold, therefore, that he stood, as to *Talbee*, in the light of a grantor to defraud existing creditors.

But the proposition of counsel cannot be admitted to be,

in its full extent, correct, for the authorities are numerous that a voluntary and colorable conveyance, which is accompanied in law by the presumption of a secret trust for the grantor, made "for the purpose of defrauding present creditors, is void, also, against subsequent creditors, because such a fraud is a continuing one." Many authorities go farther than this. See them very well reviewed in 1 H., and W.'s Leading Cases, 3d ed., top p. 71. See, also, *Whitman* v. *Woodward*, 28 Maine R. 392; 1 R. S. pp. 302, 503; *Barton* v. *Bryant*, 2 Ind. R. 189.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, with leave to amend.

*C. C. Nave* and *J. Witherow*, for the appellant (1).

*J. S. Miller, H. C. Newcomb, J. S. Harvey*, and *J. S. Tarkington*, for the appellees (2).

(1) Counsel for the appellant cited 2 Bouv. Inst. c. 2, pp. 223, 224; 1 R. S. p. 302, §§ 12, 17; 2 *id.* pp. 153, 154, § 526; *Jenison* v. *Graves*, 2 Blackf. 440; 1 R. S. p. 503, § 7; *Read* v. *Livingston*, 3 Johns. Ch. 481.

(2) Counsel for the appellees cited *Findley* v. *Cooley*, 1 Blackf. 262; *Drinkwater* v. *Drinkwater*, 4 Mass. R. 354; 1 Story's Eq. Juris. 399; *Doe* v. *Roberts*, 2 Barn. and Ald. 367; *Laney* v. *Laney*, 2 Ind. R. 196; 1 R. S. p. 299, § 1.