Newton vs. West.

---

CASE 8—PETITION ORDINARY—JUNE 8.

## Newton vs. West.

APPEAL FROM MADISON CIRCUIT COURT.

Suit brought to settle a partnership. Before answer filed, agreement made to arbitrate, and suit dismissed. That no answer had been filed, did not prevent the defendant from relying before the arbitrators upon the same matters of defense and counter-claim which he might have done had the action proceeded, in order to a settlement of all the matters of controversy between the parties.

The parties to an arbitration being present and heard before the arbitrators, it is no objection to the award that it does not state that the parties had notice of the time and place the arbitrators met and proceeded to act.

That the umpire was chosen by the arbitrators before they proceeded to act under the reference, forms no objection to the award.

The Civil Code does not contain any provision which authorizes the use of affidavits as evidence on the trial of attachments. No other proof but that prescribed by section 290 is admissible.

TURNER, for appellant, cited *Pr. Dec.* 163, 168, 176; *Hardin*, 46, 227; 1 *Bac. Ab., Arb. and Award*, B; *Ib.* letter *E*, 134; 4 *Bibb*, 252; 1 *J. J. Mar.*, 340; 12 *B. Mon.*, 133; *Frost vs. Smith*, 7 *J. J. Mar.; Civil Code, secs.* 289, 290.

C. F. BURNAM, for appellee, cited *Bacon Ab.* (*B*) 133; *Ib.* (*E*) (3), 144; 1 *Met.*, 626; 14 *B. Mon.*, 197.

Newton vs. West.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This action was brought upon an award, and the defendant in his answer and on the trial insisted that the award was invalid, because it embraced matters which were not submitted to the arbitrators by the terms of submission.

The agreement of the parties, under which the award was made, although somewhat obscure in stating the matters that were referred to the arbitrators for their determination, was, we think, by a fair construction thereof, sufficient to submit to their decision the whole partnership transactions between the parties ; otherwise the decision, when made, would not be a final settlement between them, although it was expressly stipulated in the article of agreement that it should have that effect.

Besides, the suit which was dismissed, if it had been prosecuted, would have involved in its decision the whole of the partnership affairs, as it was founded on the agreement of partnership, and it was manifestly designed by the parties, by entering into the agreement to arbitrate, to refer to the arbitrators the decision of all matters which were involved in the pending controversy. It is true the defendant in that suit had not filed any answer, and when the agreement to arbitrate was entered into by the parties the plaintiff's petition was the only pleading in the action.

But if the suit had been carried on the defendant would have had a right, by way of defense, to have presented any claims which he had against the plaintiff, arising out of their partnership transactions. He had a right, therefore, to insist on the same matters of defense and counter-claim before the arbitrators ; and as a full settlement of the partnership affairs could have been obtained in the suit which had been brought, and indeed might be regarded as necessarily involved in its decision, it was proper for the arbitrators to take the whole matter into consideration, and render an award that would embrace all the matters of controversy between the parties, resulting from the partnership which had existed between them. This objection to the award cannot, therefore, be sustained.

The objection taken to it in argument, on the ground that it does not state the parties had notice of the time and place the arbitrators met, and proceeded to act in the premises, is equally unavailing. The plaintiff alleges in his petition, that the arbitrators met and proceeded to examine the claims of each party as presented—the parties themselves being present. This allegation is not denied by the defendant in his answer, but, on the contrary, he admits that the parties were present and were heard, and makes no objection to the award in his answer, for the want of notice.

Nor is there anything in the objection that the umpire was chosen by the arbitrators, before they proceeded to act under the reference. Convenience required the presence of the umpire during the whole investigation, in order that he might be able to decide points of difference between the arbitrators, without the trouble of having to reinvestigate the same matters. The proof shows that he only acted as umpire, and confined himself within the limits of the duties which properly devolved upon him in that character.

There being no substantial defense to the action, so far as it sought an execution of that part of the award which decided that the defendant should pay to the plaintiff the sum of $75, the judgment, to that extent, was evidently proper, and is therefore affirmed.

The plaintiff in the action sued out an attachment, on the ground that the defendant intended to make a fraudulent disposition of his property by sale or otherwise, to cheat, hinder, and delay his creditors in the collection of their debts. That allegation was positively and explicitly denied by the defendant. On the trial of the attachment the plaintiff offered to read divers affidavits to sustain it. The affidavits were objected to by the defendant as evidence, but his objection was overruled by the court, and the plaintiff was permitted to read them. To that decision of the court the defendant excepted, and the question thus presented is the most important one that arises in the case.

The Code of Practice, as originally adopted, contained a section by which it was provided, that a motion to discharge an attachment might be founded on the papers and evidence in the case, or sustained by affidavits, and where it was so sustained it might be opposed by affidavits in addition to that on which the order of attachment was obtained. (*Section* 307.)

The case of *Talbot vs. Pierce*, (14 *B. Monroe*, 197,) as well as some other unpublished cases, were decided under that provision.

The Code of Practice was however subsequently amended, and some very material and important changes made therein, with regard to the manner in which attachments are to be tried and disposed of.

The foregoing section in the original Code was not included in the Code as amended, but *section* 290, as the sections are now numbered in the Code, seems to have been substituted in lieu thereof. This section reads as follows, viz':

"Either party may take proof by deposition, to be read on the trial of the attachment, or by the permission of the court the witnesses may be orally examined in court."

The Code, as amended, does not contain any provision which authorizes the use of affidavits as evidence on the trial of attachments. No other proof but that prescribed by the foregoing section is admissible upon the trial. The change in the provisions of the Code on this subject is a very important one. It affords an opportunity to cross-examine the witnesses in relation to matters which often materially affect the feelings and character of the defendant. It is a right of which he should not be deprived, by allowing the plaintiff to use *ex parte* affidavits as evidence. It follows, that the court erred in permitting the plaintiff to read the affidavits which were objected to by the defendant, and if said affidavits had been excluded, as they should have been, then the attachment ought to have been discharged. Indeed, we are not entirely satisfied that the attachment was properly sustained, even regarding the affidavits as admissible testimony.

Wherefore, the judgment or order sustaining the attachment is reversed, and cause remanded with directions to dismiss the attachment.