## DART and Another *v.* STEWART and Another.

If a conveyance be made colorably, with actual intent to defraud existing
creditors, it may be avoided by subsequent creditors; in other words,
evidence of collusion against existing creditors, is sufficient evidence of
fraud against subsequent creditors.

APPEAL from the *Blackford* Circuit Court.                 <span>*Wednesday,*</span>
<span>*December 4.*</span>
DAVISON, J.—The appellants, who were the plaintiffs,
brought this action against *Wellington Stewart* and *Sarah
Stewart*, his wife, alleging in their complaint these facts: In
*August*, 1858, *Wellington Stewart*, with his own money, pur-
chased of one *Lewis Bailey*, a tract of land in *Blackford*
county, and received from him a deed in fee simple therefor,
described as the southwest quarter of section 4, in township
23, range 10 east; also thirty acres out of the northwest
quarter of the southeast quarter of the same section, township
and range. After this, on *December* 6, then next following,

Nov. Term,
1861.

DART
v.
STEWART.

*Stewart*, without consideration, and with intent to defraud his creditors, conveyed the lands described to one *Leonard Close*, who was then notoriously insolvent, and afterward, on the same day, *Close*, without any consideration whatever, conveyed the same lands to *Sarah Stewart*, the wife of *Wellington Stewart;* she, the said *Sarah*, thus knowingly and fraudulently assisting her husband to defraud his then creditors, and those to whom he might thereafter become indebted.

*Stewart*, when he conveyed to *Close*, was largely indebted, and was not worth half the value of the land, which was then estimated at $4,000. And afterward, on *October* 24, 1856, being engaged in the mercantile business, he represented to the plaintiffs that he was the owner of the above described land, and that it was worth $30 per acre. By means of these representations, the plaintiffs were induced to sell him store goods of the value of $2,000, for which he gave them his promissory notes, and out of the proceeds of the sale of the goods thus purchased, he paid at least one half of the purchase money of the land. It is averred that upon the notes given for the goods, the plaintiffs, at the *October* term, 1857, recovered a judgment in the *Blackford* Circuit Court against *Stewart*, for $1,000, and that an execution, issued upon said judgment has been returned " *nulla bona.*"

The relief prayed is, that the deeds to *Close*, and from him to *Sarah Stewart*, be annulled, &c., and that the land be sold for the payment of the judgment, &c. Demurrer to the complaint sustained, and final judgment for the defendant.

The only question to settle in the case is, do the facts stated in the complaint constitute a sufficient cause of action? As we understand them, *Stewart*, while legally indebted, conveyed the land in question to *Leonard Close*, who conveyed it to *Stewart's* wife. These conveyances were executed on the same day, were made without consideration, with intent "to defraud his then creditors, and those to whom he might thereafter become indebted." The rule applicable to cases of this sort, may be thus stated: "If a conveyance be made colorably, with actual intent to defraud existing creditors, it may be avoided by subsequent

creditors; in other words, evidence of collusion against existing creditors, is sufficient evidence of fraud against subsequent creditors. 1 Am. Lead. Cases, p. 71, and authorities there cited; 1 Story's Eq. Jur., § 361; *Pennington* v. *C ifton*, 11 Ind. 162; *Ruffing* v. *Tilton*, 12 Ind. 259. This exposition is no doubt correct, and being so, it will at once be seen that the plaintiffs, upon the case made, are entitled to recover, because the complaint charges an actual intent to defraud both existing and subsequent creditors. In our opinion, the demurrer was not well taken.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*A. J. Neff*, and *W. March*, for the appellants.