JOHN R. COREY & al., in Equity, versus CHARLES H. GREENE & al.

A demurrer to a bill in equity will not be sustained, on the ground that the plaintiffs have not levied their execution upon the premises, which, it is alleged, the judgment debtor had purchased and had caused to be conveyed to the other defendant in the bill, to defraud his creditors, he never having had any *legal estate* therein.

SUIT IN EQUITY. This case was heard upon demurrer to the bill.

*Rand*, for the plaintiffs.

*M'Cobb & Kingsbury*, for the defendants.

The opinion of the Court was drawn up by

DAVIS, J. —This case is presented upon a demurrer to a bill in equity. The plaintiffs allege that they recovered judgment against Greene, one of the defendants, in October, 1861, for $167,33, debt, with costs of suit; that execution was duly issued thereon Nov. 19, delivered to the sheriff, and by him returned in no part satisfied; that, after contracting the debt for which the judgment was rendered, Greene purchased certain real estate, which is described, causing the deed thereof to be given first to one Stephen K. Dyer, Nov. 13, 1860, and afterwards, Sept. 16, 1861, by him to the other defendant, Horton, neither of whom paid any part of the consideration therefor; that, since said purchase, Greene has occupied the premises, and built a house thereon; and that all this was done with the intent, and for the purpose, of defrauding them. The bill prays for a decree for a conveyance of a portion of the property by Horton, or payment of the debt, or such other relief as the plaintiffs may be entitled to in equity.

It is objected, that the bill cannot be sustained, because the execution was not levied upon the premises, or a portion thereof sufficient to satisfy it. And, it is true, that the

creditor must exhaust his remedies *at law*, before he can claim relief *in equity*.

Thus, if the debtor at any time has had the *legal title* to the estate, and, after the debt was contracted, conveyed it for the purpose of defrauding his creditors, such deed is void, in contemplation of law, and the creditor may still levy his execution upon it, and then establish the fraud by proceedings in equity. In such a case a levy is necessary; and, without it, a court of equity will make no inquiry into the question of fraud. *Webster* v. *Clark*, 25 Maine, 313. The levy is essential to transfer to the creditor the *debtor's* title. The proceedings in equity are necessary to divest the *fraudulent grantee* of any title. A *deed* from the *debtor* to the *creditor* will transfer his title, the same as a levy, and be sufficient to sustain a bill in equity. *Traip* v. *Gould*, 15 Maine, 82.

But, in cases where the debtor has never had the *legal estate*, but has paid the purchase money, and caused the land to be conveyed by the grantor to a third person, whether the deed be regarded as valid, or invalid, *he* has never had any title that could be seized on execution. A levy in such case is therefore unnecessary. A return of *nulla bona* is all that is required to lay the foundation for a suit in equity. *Hartshorn* v. *Eames*, 31 Maine, 93. This case, therefore, did not need to be "reconciled" with that of *Webster* v. *Clark*, previously cited, as was attempted in *Dana* v. *Haskell*, 41 Maine, 25. In *Webster* v. *Clark*, the debtor had been the *legal* owner. In *Hartshorn* v. *Eames*, the debtor had never had any legal interest in the *real estate* that could be levied upon, but only an equitable interest, which was conveyed to his father " by his procurement." *See page* 102.

Nor is the case of *Dockray* v. *Mason*, 48 Maine, 178, in conflict with this. There a levy was made when it was unnecessary. A bill in equity alleging this, and also enough without it, was sustained upon demurrer, the attention of

the Court not having been called to this point, as it was immaterial.

The question presented is clear, both upon principle and authority. If a debtor purchases real estate, and causes the conveyance to be made to a third person, it creates a *resulting trust* in favor of the purchaser. And such an estate cannot be attached, or levied upon, by a creditor of the *cestui que trust. Russell* v. *Lewis*, 2 Pick., 508. The creditor, therefore, exhausts his remedy at law without any such levy. It is unnecessary because it would be nugatory.

We are aware that the same question has been decided otherwise in New Hampshire. *Pritchard* v. *Brown*, 4 N. H., 397. But we have derived our laws relating to this subject from Massachusetts; and the construction given to them by the courts of that State is entitled to great weight. And besides, as we shall see, this construction has been recognized in this State.

By our present statutes, " a levy may be made on land fraudulently conveyed by a debtor." R. S., 1857, c. 76, § 13. Previously the language was different; but the sense was not changed by the revision. "Any real estate of a debtor, in possession, reversion, or remainder, or *fraudulently conveyed*, may be taken in execution." R. S., 1841, c. 94, § 1.

This provision had its origin, in this country, in the Massachusetts Act of 1696. The first section, which was revised in 1784, provided that " all lands or tenements belonging to any person in his own proper right in fee," should be liable to be " taken in execution" for the payment of his debts. And the second section provided " that, when any person shall make sale or other alienation of any lands or tenements to him of right belonging, with intent to defraud his creditors of their just debts, &c., all such sales and alienations are to be deemed covinous and fraudulent, and shall be of no effect to bar any such creditor from such debt as is to him owing." Though this latter section was not in the revision of 1784, it was not repealed; and that lands so con-

veyed were liable to be taken in execution by existing creditors under that Act, or by virtue of the statute of 13 Eliz., c. 5, has never been questioned. Though not necessary, provision was expressly made for it in the Massachusetts Revised Statutes of 1836, and in our revision of 1841. But in neither State has it ever been held so to apply to any case of resulting trust as to require or authorize a levy thereon, where the debtor never had the legal title. In all such cases, if the trust is made to defraud creditors, as in all other cases of " fraud," where there is no adequate remedy at law, general jurisdiction in equity is given by statute; (R. S., c. 77, § 7;) and the creditor will be relieved in equity, after establishing *his claim* at law, upon proof that the debtor had in any way placed his property beyond the reach of legal process.

For these reasons, a levy upon land paid for by the debtor, and conveyed by his procurement to a third person, was held to be ineffectual to pass the title. *Howe* v. *Bishop*, 3 Met. 26.

In *Gardiner Bank* v. *Wheaton*, 8 Greenl., 373, in such a case, a bill in equity in favor of judgment creditors, *without any levy*, was finally sustained. And, though the distinction may not always have been noticed, no case can be found in either State, where the legal title was never in the debtor, in which a levy has been held to be necessary. If, in any such case, a levy should be made by a creditor, he might, perhaps, acquire a lien to the specific property, which would take priority of another creditor making no levy, or be good against a subsequent purchaser. But of this we need not express any opinion.

Nor is there any difficulty in affording relief in such cases. If the value of the property held in fraud exceeds the amount of the plaintiff's demand, there may be a decree that the grantee shall pay such demand, as in *Hartshorn* v. *Eames*. If the debt exceeds the value of the property, or the grantee has already paid other debts of the *cestui que trust* out of it, as in *Gardiner Bank* v. *Wheaton*, a

master may be appointed, as in that case, to determine the value of his remaining interest, for what sum he shall release it, and how much the creditor shall allow the debtor for it. Such questions often arise in proceedings for the redemption of mortgaged estates. The power of the Court is plenary, as well in regard to the *form*, as to the *amount* of relief to be granted. *Demurrer overruled*.

WALTON, DANFORTH, DICKERSON and BARROWS, JJ., concurred.