Bruker *et ux. v.* Kelsey.

- - -

No. 7192.

Bruker et ux. *v.* Kelsey.

Fraudulent Conveyance. —*Complaint.* —*Insolvency.*— *Pleading.*—The averment in a complaint to set aside an alleged fraudulent conveyance, that the grantor therein, at the time such conveyance was made, '' had

Bruker *et ux. v.* Kelsey.

no. other property subject to execution sufficient to pay his debts or any part thereof," is a sufficient averment of insolvency.

SAME.—It is necessary in such action to allege in the complaint, not only that such debtor had no other property at the time of the conveyance out of which the debt could be made, but also that at the time of the commencement of such suit he had not sufficient other property subject to execution to satisfy the plaintiff's claim.

SAME.—*Rule of Pleading.*—Such complaint should affirmatively show a complete right to resort to the land for satisfaction of the debt, and that can not be, unless the conveyance when made was fraudulent as against creditors, and unless the right of action which then accrued is shown to continue.

SAME.—*Return of Nulla Bona Equivalent to Allegation of Insolvency.*—If such suit is brought without first prosecuting the debtor to the end of an execution, the complaint should distinctly aver his insolvency and want of property subject to execution at the time of bringing suit; but if execution has been had, and due return of *nulla bona* thereon has been made, and suit be brought within a reasonable time thereafter, it is a sufficient allegation of insolvency to aver the fact of such judgment and return.

SAME.—*Averment as Against Wife.*—Where the wife of the debtor is the grantee in such alleged fraudulent conveyance, and a joint defendant, it is sufficient, as against her, to allege that such conveyance was made without any consideration, and that she received the same for the fraudulent purpose of getting title in her own name to prevent the creditors of her husband from reaching the same on execution to satisfy their debts.

EVIDENCE.—*Practice.—Supreme Court.*—An objection to the admissibility of evidence can not be raised for the first time in the Supreme Court.

SAME.—*Declarations of Husband where Wife is Joint Defendant.*—Where a husband and wife are joint defendants, the declarations of the husband are admissible in evidence, though not made in the presence of the wife.

SAME.—*Motion for New Trial.—Practice.—Bill of Exceptions.—Supreme Court.*—A motion for a new trial, on the ground of the admission of certain evidence therein set forth, can not be made to bring before the Supreme Court for consideration the admissibility of evidence different therefrom, recited in the bill of exceptions.

From the Montgomery Circuit Court.

*G. D. Hurley, B. Crane, S. C. Willson* and *L. B. Willson*, for appellants.

*E. C. Snyder, J. M. Thompson* and *W. H. Thompson*, for appellee.

WOODS, J.—Complaint in two paragraphs by the appellee against the appellants, to set aside certain conveyances of real estate alleged to have been made in fraud of creditors. The appellants jointly, and the appellant Josephine separately, demurred to each paragraph of the complaint, on account of the insufficiency of facts averred.

It is objected to each paragraph, that it does not show the insolvency of John Bruker, the grantor, either at the time the deeds were made, or at the time the suit was begun. The first objection is not well laid.    Each paragraph contains the averment, that, at the time the conveyances were made, " Said John Bruker had no other property subject to execution sufficient to pay his debts or any part thereof." This is a sufficient averment of insolvency.

The complaint contains no direct allegation that said Bruker was insolvent, or had no property subject to levy and sale on execution at the commencement of the suit.    The complaint in each paragraph does contain what, the appellee insists, must be deemed equivalent averments, to the effect, namely, that, having obtained judgments before justices of the peace on their claims against said Bruker, the plaintiffs, on the — day of January, 1878, caused executions to be issued thereon, which were afterward, on the — day of the same month, returned *nulla bona;* that, on the — day of said month, they filed in the office of the clerk of Montgomery county transcripts of said judgments, and by proper steps procured executions upon said judgments to be issued by said clerk to the sheriff of said county, which, on the — day of the month aforesaid, were returned *nulla bona.* This suit was begun on the 19th day of January, 1878.

The same reason on which the rule is founded, which requires it to be averred that the grantor in an alleged fraudulent conveyance had not other property at the time of the conveyance, out of which the debt could be made, requires a corresponding averment in reference to the time of the

commencement of the action. The conveyance is valid between the parties thereto, and third parties are not allowed to attack it, unless it is necessary to do so, in order that justice be done. If there is other property, in the hands of the debtor when the conveyance is made, ample to pay all his debts, or if, when the suit is commenced, he has other property subject to sale on execution, out of which the plaintiff's debt could be made, justice does not require or permit that the conveyance be set aside in order that resort may be had to the real estate so conveyed. The proper rule of pleading is, that the complaint show affirmatively a complete right of resort to the land for satisfaction of the debt, and that can not be, unless when made the conveyance was fraudulent as against creditors, and unless the right of action, which then arose, is shown to continue to exist at the time when suit is begun. *Baugh* v. *Boles*, 35 Ind. 524; *Ewing* v. *Patterson*, 35 Ind. 326; *Sherman* v. *Hogland*, 54 Ind. 578.

While the cases cited either express or imply the rule stated, the first only may be regarded as deciding it. In the other two, the syllabus goes beyond the text; and in none of them is any question made or decided, whether an allegation of judgment, execution and return of *nulla bona*, is sufficient to make a complaint good in this respect.

Numerous cases might be cited, wherein it has been held that a return of *nulla bona* is all that is required to lay the foundation for a suit in equity, and that the fact of such return alone needed to be averred in the bill. *Corey* v. *Greene*, 51 Me. 114; *Forbes* v. *Logan*, 4 Bosw. 475; *Renaud* v. *O'Brien*, 35 N. Y. 99; *Bowen* v. *Parkhurst*, 24 Ill. 258; *The Ocean Nat. Bank* v. *Olcott*, 46 N. Y. 12; Bump on Fraudulent Conveyances (2d ed.) 525, and cases cited.

In *Pennington* v. *Clifton*, 11 Ind. 162, in the absence of any direct averment on the subject, the complaint was up-

held, the court remarking : " It is inferable from the complaint, that Andrew had no other property."

In *Dart* v. *Stewart*, 17 Ind. 221, the only averment in this respect was, that " execution issued upon said judgment has been returned '*nulla bona*,' " but how long before suit is not apparent. The complaint was held good.

An analogous question is involved in complaints against indorsers of promissory notes not governed by the law merchant, in which cases, as is well settled, a return of *nulla bona*, if the suit were brought and execution issued in due time, establishes the right of recovery against the indorser ; and this is true as a rule of pleading as well as of proof. *Hanna* v. *Pegg*, 1 Blackf. 181 ; *Spears* v. *Clark*, 3 Ind. 296 ; *Roberts* v. *Masters*, 40 Ind. 461.

If the suit to set aside the conveyance is brought without prosecuting the debtor to the end of an execution, the complaint should distinctly aver his insolvency and want of property subject to execution at the time of beginning suit, but if execution has been had, and due return of *nulla bona* thereon has been made, and suit be brought within a reasonable time thereafter, we deem it sufficient in this respect to aver the fact of such judgment, execution and return. There is no presumption but that the sheriff did his duty in making thorough search and true return of the result, and if the defendant or defendants claim the contrary, or that there was property in another county which could be reached, they should show it. There is no presumption of it any more than in a suit against an indorser.

In the first paragraph of the complaint, it is averred that the deed from the defendants to Hurley, and from Hurley to the defendant Josephine, were made without any consideration ; and, in the second paragraph, it is averred that the first named deed was without any consideration, and that said Josephine received and accepted said conveyance made to her, for the fraudulent purpose of getting the title to the

land in her own name, so that the creditors of said John Bruker, then existing and afterward to exist, might not be able to take the same on execution in satisfaction of their demands. These averments make each paragraph of the complaint good as against said Josephine.

The questions made upon the motion for a new trial remain to be considered.

Counsel for appellants urge that the court erred in admitting in evidence the transcript of the judgment and the proceedings in the case of *Isaac Davis* v. *John Bruker*. The objection to this evidence made to the court below was, that "the transcript shows a judgment by default without the summons and return being set out," etc. The objection here made is, that "there is no cause of action set forth in the proceedings," etc. Counsel must stand by their record as they made it, and, on a question of the admissibility of evidence, can not make objections here which they did not suggest in the trial court. This ought to be a familiar rule.

There was no error in admitting declarations of the defendant John Bruker, though not made in the presence of his wife, Josephine. They were admissible against him, if not against her. *Sutherland* v. *Hankins*, 56 Ind. 343; *McConnell* v. *Martin*, 52 Ind. 434; *Rogers* v. *Rogers*, 46 Ind. 1.

It is further insisted that the court erred in permitting the plaintiff's witness, Vanarsdall, to testify concerning a conversation between the witness and Hurley after the date of the last deed, and without the presence and hearing of the defendants, John and Joseph Bruker.

The testimony so complained of was described in the motion for a new trial as being " to the effect that Hurley said he would see Mrs. Josephine Bruker and get her to settle the judgment in favor of myself (Vanarsdall) against her husband, John Bruker, and I told him if he would, that I would make it interesting to him."

The bill of exceptions shows that the objection made to the introduction of the conversation was, that it occurred without the knowledge and hearing of Mrs. Bruker alone, and not of her and her husband both, as stated in the motion for a new trial and in the brief, and the actual conversation testified and excepted to, instead of that given in the motion, was as follows, namely: " Hurley told me that he had spoken to Mrs. Bruker about my debt, and that Mrs. Bruker had declared to him that it should be paid." There is a good deal of difference between saying that he would see and tell her to do something, and saying that he had seen her and heard her say that she would do it. The latter may be more objectionable than the former, but a motion for a new trial, reciting the former, can not be made to bring into consideration the admissibility of the latter. We can not disturb the verdict on the evidence.

Judgment affirmed, with costs.