### JOHN BRUKER AND JOSEPHINE BRUKER *v.* ISAAC M. KELSEY.

1. *Setting Aside Fraudulent Conveyance—Pleading.*—In such action by creditors the complaint must show affirmatively a complete right to resort to the land conveyed for satisfaction of the debt. This cannot be unless the conveyance was fraudulent, when made, as against creditors, and unless the right of action which then arose is shown to continue to exist at the time of instituting the suit. If, however, execution has been had against the debtor and due return of *nulla bona* thereon has been made, and suit be brought within a reasonable time thereafter, it is sufficient to aver the fact of such judgment, execution and return.

2, *Objection must be Made in the Trial Court.*—Counsel must stand by their record as they make it; and, on a question of the admissibility of evidence, cannot make objections, for the first time, in the Supreme Court.

3. *Declaration of Husband where He and his Wife are Joint Defendants.*—In such case, a declaration of the husband may be given in evidence, though not made in her presence, and be good as against him, although not good as against her.

4. *Motion for New Trial.*—The grounds stated in such motion will alone be considered by the court. It must be determined on its recitals, and not on matters extrinsic thereto.

Filed February 25, 1881.

Appeal from Montgomery.

Opinion by Mr. Justice Woods.

Complaint in two paragraphs by the appellee against the appellants to set aside certain conveyances of real estate alleged to have been made in fraud of creditors. The appellants jointly and the appellant Josephine, severally, demurred to each paragraph of the complaint on account of the insufficiency of the facts averred.

It is objected to each paragraph, that it does not show the insolvency of John Bruker, the grantor, either at the time the deeds were made, or at the time the suit was begun.

The first objection is not well laid. Each paragraph contains the averment that at the time the conveyances were made "said John Bruker had no other property subject to execution sufficient to pay his debts or any part thereof." This is a sufficient averment of insolvency.

The complaint contains no direct allegation that said Bruker was insolvent, or had no property subject to levy and sale on execution, at the commencement of the suit.

The complaint in each paragraph does contain what the appellee insists must be deemed equivalent averments, to the effect, namely, that having obtained judgments before a justice of the peace, on their claims against said Bruker, the plaintiffs, on the —— day of January, 1878, caused executions to be issued thereon, which were afterwards on the —— day of the same month returned *nulla bona*. That on the —— day of said month they filed in the office of the clerk of Montgomery county transscripts of said judgments, and by proper steps procured executions upon said judgments, to be issued by said clerk to the sheriff of said county, which on the day of the month aforesaid were returned *nulla bona*. This suit was begun on the 19th day of January, 1878.

The same reason on which the rule is founded, which requires it to be averred that the grantor in an alleged fraudulent conveyance had not other property at the time of the conveyance, out of which the debt could be made, requires a corresponding averment in reference to the time of the commencement of the action. The conveyance is valid between the parties thereto,

and third parties are not allowed to attack it, unless it is neces-
sary to do so, in order that justice be done.   If there is other
property in the hands of the debtor when the conveyance is
made, ample to pay all his debts, or if when the suit is com-
menced, he has other property, subject to sale on execution, out
of which the plaintiff's debts could be made, justice does not
require or permit that the conveyance be set aside, in order that
resort may be had to the real estate so encouraged.

The proper rule of pleading is that the complaint show af-
firmatively a complete right to resort to the land for satisfaction
of the debt, and that cannot be unless when made the convey-
ance was fraudulent against creditors, and unless the right of
action, which then arose, is shown to continue to exist at the
time when the suit is begun.  *Baugh* v. *Bales*, 35 Ind., 54;  *Ewing*
v. *Patterson*, 35 Ind., 326;  *Sherman* v. *Hoglan*, 54 Ind., 578.

While the cases cited either express or imply the rule stated,
the first only may be regarded as deciding it.   In the other two,
the syllabus goes beyond the text, and in none of them is any
question made or decided whether an allegation of judgment,
execution and return of no *nulla bona* is sufficient to make a
complaint good in this respect.

Numerous cases might be cited wherein it has been held that
a return of *nulla bona* is all that is required to lay the foundation
for a suit in equity, and that the fact of such return alone needed
to be averred in the bill.

*Corey* v. *Greene*, 51 Me., 114;  *Forbes* v. *Waller*, 4 Bosw., 475;
*Raymond* v. *O'Brien*, 25 N. Y., 99;  *Bowen* v. *Parkhast*, 24 Ills.,
257;  *Ocean Natl. Bank* v. *Olcott*, 46 N. Y., 12.   Bump on Fraud-
ulent Conveyances, (2 ed.) 525, and cases cited.

In *Pennington* v. *Clifton*, 11 Ind., 172, in the absence of any
direct averment on the subject, the complaint was upheld, the
court remarking: "It is inferrrable from the complaint that
Andrew had no other property."

In *Davis* v. *Stewart*, 17 Ind., 221, the only averment in this
respect was, that " Execution issued upon said judgment had
been returned *nulla bona*," but how long before suit was brought
is not apparent.   The complaint was held good.

An analogous question is involved in complaints against in-

dorsers of promissory notes not governed by the Law Merchant; in which case, as is well settled, a return of *nulla bona*, if the suit were brought and execution issued in due time, establishes the right of recovery against the indorser; and this is true as a rule of pleading as well as of proof.

*Hanna* v. *Pegg*, 1 Blf., 181; *Spears* v. *Clark*, 3 Ind., 296; *Roberts* v. *Masters*, 40 Ind., 461.

If the suit to set aside the conveyance is brought without prosecuting the debtor to the end of an execution, the complainant should distinctly aver his insolvency and want of property subject to execution at the time of beginning suit, but if execution has been had and due return of *nulla bona* thereon has been made, and suit be brought within a reasonable time thereafter, we deem it sufficient, in this respect, to aver the fact of such judgment, execution and return. There is no presumption but that the sheriff did his duty, in making thorough search and true return of the result; and if the defendant or defendants claim the contrary, or that there was property in another county which could be reached, they should show it. There is no presumption of it any more than in a suit against an indorser.

In the first paragraph of the complaint it is averred that the deed from the defendants to Harley and from Harley to the defendant Josephine were made without consideration, and in the second paragraph it is averred that the first named deed was without any consideration, and that said Josephine received and accepted said conveyance made to her for the fraudulent purpose of getting the title to the land in her own name, so that the creditors of said John Bruker, then existing and afterwards to exist, might not be able to take the same on execution in satisfaction of their demands.

These averments made each paragraph of the complaint good as against said Josephine.

The questions made upon the motion for a new trial remain to be considered.

Counsel for appellant urge that the court erred in admitting in evidence the transcript of the judgment and the proceedings in the case of *Isaac Davis* v. *John Bruker*. The objection to this evidence, made to the court below, was that " The transcript

shows a judgment by default without the summons and return being set out," etc.    The objection here made is that there is no cause of action set forth in the proceedings, etc.    Counsel must stand by their record as they made it, and on a question of the admissibility of evidence cannot make objections here which they did not suggest in the trial court.    This ought to be a familiar rule.

There was no error in admitting declarations of the defendant John Bruker, though not made in the presence of his wife Josephine.  They were admissible against him, if not against her.    *Sutherland* v. *Hawkins*, 56 Ind., 343;  *McConnell* v. *Martin*, 52 Ind., 434;  *Rogers* v. *Rogers*, 46 Ind., 1.

It is further insisted that the court erred in permitting the plaintiff's witness, Vanarsdale, to testify concerning a conversation between the witness and Hurley, after the date of the last deed, and without the presence and hearing of the defendants, John and Josephine Bruker.

The testimony so complained of was described in the motion for a new trial as being " to the effect that Hurley said he would see Mrs. Josephine Bruker, and get her to settle the judgment in favor of myself (Vanarsdale) against the husband, John Bruker; and I told him if he would that I would make it interesting to him."

The bill of exceptions shows that the objection made to the introduction of the conversation was that it occurred without the knowledge and hearing of Mrs. Bruker alone, and not of her and her husband both, as stated in the motion for a new trial and in the brief; and the actual conversation testified and excepted to, instead of that given in the motion, was as follows, namely: "Hurley told me that he had spoken to Mrs. Bruker about my debt, and that Mrs. Bruker had declared to him that it should be paid."

There is a good deal of difference between saying that he would see and tell her to do something, and saying that he had seen her and heard her say that she would do it.  The latter may be more objectionable than the former, but a motion for a new trial reciting the former, cannot be made to bring into considera-

tion the admissibility of the latter. We cannot disturb the verdict on the evidence.

The judgment affirmed with costs.