No. 8758.

### NUGEN ET AL. *v.* FIRST NATIONAL BANK OF CAMBRIDGE CITY.

FRAUDULENT CONVEYANCE.—*Complaint to Set Aside Fraudulent Liens.—Insolvency.*—In a complaint by a creditor to set aside fraudulent liens upon the debtor's property, the insolvency of the debtor is well shown by averments to the effect that at and from the date of the liens to the commencement of the action, the debtor had no property subject to execution except that upon which the liens had been placed.

SUPREME COURT.—*Bill of Exceptions.—Evidence.*—Questions dependent on the evidence will not be considered on appeal if it be apparent that parts of the evidence are not included in the bill of exceptions.

From the Henry Circuit Court.

*W. Grose,* for appellants.

*M. E. Forkner,* for appellee.

WOODS, C. J.—The appellee brought the action for the purpose of setting aside as fraudulent against creditors certain conveyances and transfers of real and personal property, and removing certain mortgage and judgment liens alleged to have been created and suffered in furtherance of the fraudulent design. The appellant Silas R. Nugen, who alone assigns error upon the record, was the grantee and holder of some of the alleged fraudulent conveyances and liens, and is alleged to have participated in the fraudulent purpose of his co-defendants, the debtors of the appellee.

It is claimed that the complaint is insufficient on demurrer, because a bill of particulars of the personal property in respect to which relief was sought was not filed with the pleading. The objection, if good, is not available, because, in respect to the real estate and the encumbrances put upon it, it is clear that the complaint was not demurrable.    It is claimed further that the insolvency of the debtors and their want of property sufficient to pay their debts, both at the time of the alleged fraudulent transactions and at the commencement of the suit, are not well averred.    The decision in *Bruker* v. *Kelsey,* 72 Ind. 51, is cited; but, under the rule declared in that case, the complaint is good.    It is alleged that the debtors " are each and all of them wholly insolvent, and were insolvent at the time of the several acts * * complained of, and have no property out of which the plaintiff's debt can be made, except that which is hereinafter named, and did not have at the time of the acts complained of." It is insisted that the exception in this averment is fatal to its sufficiency ; but it appears from the subsequent allegations that the property referred to in the exception was all embraced in the mortgage and in the sales upon execution, which are alleged to have been fraudulently made, and for the cancelling of which the action was instituted.    It is also alleged that the plaintiff had recovered judgments in the circuit court upon which executions had been issued, which had been returned unsatisfied, because no property subject to levy could be found, and that, before bringing this action, the plaintiff had caused other executions to issue, which were yet in the hands of the sheriff, who " is deterred from levying the same on the property * * by reason of the fraudulent judgments, liens and claims," etc.    As against the objections made to it the complaint is unquestionably good.

The remaining questions discussed by counsel for the appellant—there is no brief before us for the appellee—require a consideration of the evidence, and, while there is a bill of exceptions in the record which purports to contain all the evidence, an examination shows that letters and other writings

and documents were read in the case which are not set out in the bill or in connection with it. The questions, therefore, are not before us; *Morris* v. *Stern,* 80 Ind. 227; yet we have so far examined them as to become convinced that if the transcript were perfect the judgment could not be reversed.

Judgment affirmed.