Peter Binz, Appellee, v. Christian N. Michels et al., Appellants.

Gen. No. 26,051.

1. Creditors' suit, § 60*—*what may be scope of decree.* A decree entered on a creditor's bill resting on a judgment may order an execution for the amount found due by it and direct the levy on and sale of real estate which it finds, in effect, is in equity the property of the judgment debtor, though the title is recorded in the name of certain of the defendants to the creditor's bill, notwithstanding there was no levy on such property under the execution issued on the judgment.

2. Execution, § 6*—*what property is subject to execution.* The levy of an execution on property to which the judgment debtor has not record title is unavailing to create a lien, and a sale under such a levy does not pass title.

Appeal from the Superior Court of Cook county; the Hon. Denis E. Sullivan, Judge, presiding. Heard in this court at the March term, 1920. Affirmed. Opinion filed November 29, 1920.

Vincent D. Wyman, Harry C. Kinne and Charles E. Carpenter, for appellants.

Robert E. Berlet, for appellee.

Mr. Presiding Justice Holdom delivered the opinion of the court.

This is a creditor's bill resting upon a judgment for $850 obtained by complainant against the defendant Christian N. Michels, November 20, 1916, in the municipal court of Chicago; execution was issued thereon and returned *nulla bona* and a transcript of the judgment was subsequently filed with the Recorder of Deeds of Cook County, etc. All these steps preliminary to the filing of the bill are admitted by defendants as alleged.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

It is charged that the judgment debtor was in equity the legal owner of certain real estate in Chicago described in the bill, the title of which is of record in the name of certain of the defendants and so made and kept in fraud of complainant's rights and to prevent him from obtaining satisfaction of his judgment.

The chancellor found that the material averments of the bill were proven and entered a decree finding that there was due complainant on his judgment the sum of $992.98, and ordered that unless some of the defendants pay that sum within 5 days, execution issue therefor to satisfy the amount of the decree with costs, and that the sheriff levy upon and sell certain real estate, the title to which was of record in the name of certain of the defendants but which the chancellor found was in equity the property of defendant Christian N. Michels. From such decree this appeal is prosecuted on the ground principally that the same is not warranted by the evidence.

An examination of the evidence in the record satisfies us that the decree does justice between the parties. It is clear to us that the judgment debtor fraudulently kept the real estate set out in the bill and decree in the name of some of his codefendants for the purpose of defrauding complainant and preventing him from collecting the amount due him on his judgment against Christian N. Michels. This seems to be a case where the Michels family joined in the fraud against complainant, who had been at the time of the trial a friend of the judgment debtor for 30 years.

The quantum of proof was sufficient to overcome the sworn answer and the fraud averred in the bill and denied by the answer was proven by the greater weight of the evidence. In fact, the trend of all the testimony tends strongly to prove that the conveyances challenged were at the best colorable and were made for the express purpose of rendering the judgment against Christian N. Michels uncollectible.

90        APPELLATE COURTS OF ILLINOIS.

Armstrong P. and V. Wks. v. Continental Can Co., 220 Ill. App. 90.

Defendants argue that there is no lien on the real estate in question because there was no levy on the same under the execution issued on the judgment. As the record title to such property was not in the judgment debtor, the levy of the execution would have been unavailing to create a lien and the law does not require the doing of unnecessary acts. A sale under such a levy would be impotent to pass any title. *Haggerty v. Nixon*, 26 N. J. Eq. 42; *Corey v. Greene*, 51 Me. 114.

The chancellor had power to order an execution for the amount found due by the decree and to direct that it be levied upon the real estate, which the decree in effect held to belong in equity to the judgment debtor.

The decree of the superior court meets with our approval and is therefore affirmed.

*Affirmed.*

DEVER and McSURELY, JJ., concur.