### HOLLINGSWORTH *v.* CRAWFORD ET AL.

**FRAUD.**—*Principal and Privy.*—Where fraud alleged against a certain defendant as the principal therein, and against another as a mere privy thereto, is afterward abandoned as against the principal, the charge against the privy thereby falls.

From the Boone Circuit Court.

*J. S. Scobey*, for appellant.

*C. C. Galvin*, for appellees.

PERKINS, J.—Complaint to set aside a conveyance of real estate, on the ground of fraud, and to enjoin the collection of a note, etc.

The complaint alleges, that in January, 1863, the plaintiff, appellant Hollingsworth, paid a debt for one Henry J. McCullough, a defendant to this suit, who then pretended to be insolvent; that in April, 1860, said McCullough was the equitable owner of certain described real estate, but, for the purpose of preventing said Hollingsworth from collecting his claim, said McCullough fraudulently kept the title to said real estate in William L. and Nathaniel Kersey, who are also defendants in the complaint in this suit; that afterward said McCullough sold said real estate to one Calvin Crawford, from whom he took a promissory note of five hundred dollars, for purchase-money, which note he transferred, for value, to one William Taylor, also a defendant to the complaint. The complaint charged, that Crawford and Taylor both knew

Hollingsworth *v.* Crawford *et al.*

that the title to said real estate was fraudulently in the Kerseys, but that said estate was beneficially owned by McCullough.

Judgment below for the defendants, the appellees in this court.

The judgment for Taylor was upon a demurrer to the complaint; for the other defendants, after a jury trial.

Counsel for the appellant, Hollingsworth, does not claim, in this court, that McCullough had any interest in the property, or that there was any arrangement, fraudulent or otherwise, between him and the Kerseys, by which they held the title for him. It is not claimed but that the Kerseys were the real *bona fide* owners of the real estate. This being so, no case is left against Crawford and Taylor. The charge against them is, that they were privies to the fraud between McCullough and the Kerseys. But the fact being conceded that no such fraud existed, it follows that the charge that they were privies to it falls to the ground. Especially is this the case as to Taylor, the owner of the note, the collection of which is sought to be enjoined.

The facts do not justify a judgment against any of the defendants.

It appears by the whole record, that the plaintiff was not injured by any interlocutory ruling in the cause in favor of Crawford and Taylor, or either of them, nor by the final judgment. The inference from the record is, that McCullough practised a fraud on Crawford, in selling him land to which he, McCullough, had no title, legal or equitable, getting a note for the purchase-money, *prima facie* worthless; transferring the note to Taylor, who, probably, will not need the aid of an injunction, to prevent its collection. If it is collectible, nothing appears showing that Hollingsworth is entitled to the money, as against Taylor, the owner.

The judgment below is affirmed, with costs.