No. 9375.

## LOVE v. GEYER.

FRAUDULENT CONVEYANCE.—*Action to Set Aside.*—*Grantor and Grantee.*— *Judgment.*—In an action to set aside an alleged fraudulent conveyance, against the grantor and grantee therein, by a judgment creditor of the grantor, a general verdict was returned against both defendants. On motion, a new trial was awarded the grantor and denied the grantee, and, without judgment, the case was continued. At the subsequent term, the cause as to the grantor was tried by the court, and a finding and judgment rendered in his favor. Over the objection of the grantee, the court rendered a judgment against him, upon the verdict of the jury, setting aside such conveyance as fraudulent.

*Held*, that such judgment was erroneous.

From the Hendricks Circuit Court.

*H. W. Harrington* and *A. G. Howe*, for appellant.

HOWK, C. J.—This suit was commenced by the appellee against the appellant, Lewis Love, and Samuel Love and Malinda Love, his wife, as defendants, in the Marion Superior Court. The object of the action was to set aside an alleged fraudulent conveyance of certain real estate, particularly described, in Marion county, Indiana, executed by the said Samuel Love and his wife to the appellant, Lewis Love. The venue of the action, after it had been put at issue, was changed to the court below.

The issues joined were there tried by a jury, and a general verdict was returned for the appellee against all the defendants; and, with their general verdict, the jury also returned into court their special findings as to particular questions of fact, submitted to them by the parties, under the direction of the court. Each of the defendants separately moved the court for a new trial; which motion was granted and a new trial awarded as to the defendants Samuel and Malinda Love, but it was overruled and a new trial was denied as to the appellant, Lewis Love, and to this ruling he excepted. The appellant then moved the court in writing to arrest judgment against him in this cause; which motion

was overruled, and his exception was saved to this decision.. By the agreement of all the parties, the cause was then continued, without the rendition of a judgment, until the next ensuing term of the court; at which time, "at the request. of the defendant Samuel Love, the court made a special finding of the facts in the case, and its conclusions of law upon them." The appellant then moved the court in writing for a judgment in his favor, which motion was overruled, and his exception was entered to this ruling. His written objections to the rendition of any judgment against him, in the case, were also overruled, and to this ruling he excepted; and his second motion in arrest of judgment having been overruled, and his exception saved to this decision,. the court rendered judgment against him, in favor of the appellee, upon the general verdict of the jury, in accordance with the prayer of the complaint. Upon the court's special finding of facts and its conclusions of law thereon, judgment was rendered against the appellee, and in favor of the defendant Samuel Love, for his costs in this action expended.

In this court, the appellant has assigned, as errors, the several decisions of the trial court adverse to him, as hereinbefore stated. The appellee sued in this action, as a judgment creditor of the defendant Samuel Love, to set aside a certain conveyance of real estate, alleged to have been executed by him and his wife to the appellant, Lewis Love, without any consideration therefor, during the pendency of her action, but before the recovery of her said judgment, against the said Samuel Love, with the fraudulent intent and purpose of cheating, hindering and delaying his creditors generally, and especially the appellee, in the collection of any judgment she might recover of him, in her said action. It will be seen from our statement of this case, that after the jury had returned a general verdict for the appellee, against all the defendants, the court granted the said Samuel Love a new trial. As to him, the cause was then submitted

to the court for trial, and, at his request, the court made a special finding of facts and of its conclusions of law thereon, upon which he subsequently recovered judgment against the appellee for his costs. In its special finding of facts, the court found, among other things, that the conveyance of said real estate to the appellant "was made by said Samuel Love in good faith, and it was a *bona fide* transaction, on his part, and said consideration was the full value thereof at the time the same was so conveyed;" and further, that, at the date of said conveyance to the appellant, the said Samuel Love was the owner in fee simple of other real estate in the city of Indianapolis, in said Marion county, which he still owned and which was of a value, over and above all encumbrances thereon, largely in excess of the amount of the appellee's judgment against him. Upon these facts, the court's conclusions of law, "that no judgment can be rendered in this cause against defendant Samuel Love, and that judgment should be rendered in his favor against the plaintiff, for his costs expended in this action," were manifestly correct.

After the court had announced and filed its special finding of facts, and its conclusions of law thereon, the appellant's motion for a judgment in his favor, and his written objections to the rendition of any judgment against him, and his second motion in arrest of judgment against him, were each and all overruled by the court, and his exceptions were severally saved to each of these decisions.

We are of the opinion, that the court clearly erred in each of these several rulings, and in the rendition of any judgment against the appellant after it had decided the controlling issues in the cause against the principal defendant, Samuel Love. From the court's special finding of facts, and its conclusions of law thereon, it is clear that the appellee had no cause of action against the defendant Samuel Love; and, without a cause of action against the said Sam-

uel Love, it is equally clear that she could have none what-ever against the appellant, Lewis Love. For in this case it is certain that a valid cause of action against the said Samuel Love, in the appellee's favor, was the only foundation for any claim or cause of action, in her favor, against the appellant, Lewis Love. *Romine* v. *Romine*, 59 Ind. 346. On this point, see also the case of *Hollingsworth* v. *Crawford*, 60 Ind. 70.

The judgment is reversed, at the appellee's costs, and the cause is remanded with instructions to sustain the appellant's second motion in arrest of judgment.